[Crim. No. 20261. Second Dist., Div. Five. Oct. 30, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
J. D. ROSE, JR., Defendant and Appellant.

## COUNSEL

Robert G. Eckhoff, Public Defender, and Lonnie B. Springer, Jr., Assistant Public Defender, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Edward A. Hinz, Jr., Chief Assistant Attorneys General, William E. James, Assistant Attorney General, James H. Kline and Douglas B. Noble, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**KAUS, P. J.**—In December 1969 the Santa Barbara County Grand Jury indicted defendant for a murder which, according to the indictment was committed "between November 6, 1966, and November 24, 1966."[1] The indictment contains no allegations which, if true, would permit the tolling of any applicable statute of limitations. After evidence was presented to a jury the court instructed on murder and voluntary manslaughter. Defend-

---

[1]The evidence adduced at the later trial indicated that the homicide was probably committed in early November 1966. The decedent's body was not discovered until later that month.

ant was found guilty of manslaughter and sentenced to state prison, the sentence to run concurrently with that imposed in another case.

Neither in the court below nor in the briefs initially filed with us is there a hint that anyone appreciated the manifest problem of a manslaughter conviction upon an indictment presented more than three years after the homicide. (Pen. Code, § 800.)[2] As will be noted this may not be due to oversight. After reviewing the record filed with us we requested counsel to inspect the superior court record and invited a motion to augment in case it contains something with reference to the statute of limitations. We are advised by the People that they can find nothing except an indication that defendant was arrested in New York, but no hint how long he had been there.

■ It has been the law of this state ever since *People* v. *Miller*, 12 Cal. 291, that on an indictment for murder—which crime is, of course, not governed by any statutory period—filed more than three years after the homicide, there can be no conviction for the lesser included offense of manslaughter unless the accusatory pleading shows some bar to the application of the statute of limitations. None having been alleged here, the conviction is jurisdictionally defective and must be reversed. (*People* v. *McGee*, 1 Cal.2d 611, 613 [36 P.2d 378].)[3] This holding is compelled not only by the law of this state but by the overwhelming weight of authorities. (See also *People* v. *Picetti*, 124 Cal. 361 [57 P. 156]; see generally Annot. 47 A.L.R.2d p. 887.)

■ We fully appreciate that the state of the record may be the result of defense strategy pointed at preventing the jury from having to choose between murder and acquittal. It may also be that the prosecution silently went along with the defense ploy. We cannot, however, affirm a jurisdictionally defective conviction on the basis of speculation.

■ We also appreciate that the problem of the statute was not raised on appeal, which was briefed by trial counsel. This failure is harder to justify on any tactical basis, since—whatever the outcome of the appeal—defendant has now been impliedly acquitted of murder. (*Gomez* v. *Superior Court*, 50 Cal.2d 640 [328 P.2d 976].) Under applicable Sixth Amend-

[2]The 1971 amendment to section 800 of the Penal Code does provide that the statute of limitations for voluntary manslaughter does not start to run until discovery. No contention is made nor can be made that the amendment applies to this case.

[3]Without intimating that such proof could change the result of this appeal, we state for the sake of completeness that the trial transcript reveals nothing which would affect the running of the statute of limitations in any way.

ment principles (*In re Smith,* 3 Cal.3d 192 [90 Cal.Rptr. 1, 474 P.2d 969]), we had no alternative but to raise the issue on our own motion. (*People* v. *Malich,* 15 Cal.App.3d 253, 264, fn. 2 [93 Cal.Rptr. 87].)

The prosecution should, of course, be permitted to amend the accusatory pleading if it can. (See Pen. Code, § 1009; *In re McCartney,* 64 Cal.2d 830, 832 [51 Cal.Rptr. 894, 415 P.2d 782].)[4]

The judgment is reversed.

Stephens, J., and Aiso, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied December 29, 1972.

---

[4]Since we do not know the contents of the grand jury transcript, we cannot tell whether an amendment would involve resubmission to that body. (*People* v. *Crosby,* 58 Cal.2d 713, 721-726 [25 Cal.Rptr. 847, 375 P.2d 839]; cf. *Patterson* v. *Municipal Court,* 17 Cal.App.3d 84, 88 [94 Cal.Rptr. 449].)