[Crim. No. 9170. Third Dist. Nov. 14, 1977.]

THE PEOPLE, Plaintiff and Appellant, v.
HARRY S. MORGAN, Defendant and Respondent.

**COUNSEL**

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Marjory Winston Parker, Willard F. Jones and Robert F. Tyler, Deputy Attorneys General, for Plaintiff and Appellant.

Gary F. Woolverton, under appointment by the Court of Appeal, for Defendant and Respondent.

**OPINION**

**REYNOSO, J.**—After a jury trial on a charge of murder, defendant was found guilty of involuntary manslaughter, a lesser included offense. When defendant appeared for judgment and sentencing, his counsel made a motion for judgment notwithstanding the verdict on the basis that the statute of limitations barred a conviction for involuntary manslaughter. The information, filed on December 1, 1976, charged that the victim had died on November 3, 1969. No allegation was made that the statute had been tolled for any reason. The trial court denied defendant's motion, but dismissed him from custody finding that the statute of limitations had run on his crime. The People appeal.

We hold that the trial court's action arresting judgment on its own motion was proper. (Pen. Code, § 1186.) Defendant may be held to answer charges of involuntary manslaughter in a new information filed by the People. (Pen. Code, § 1188.) We reverse the trial court's action in dismissing defendant.

The parties do not question the sufficiency of the evidence to support the verdict of involuntary manslaughter. No purpose would be served by a recitation of the evidence. It is sufficient to note that defendant's own testimony includes the admission that he struggled with the decedent, and the gun discharged, inflicting the mortal wound. Defendant's testimony supports the verdict.

The People contend that where defendant is charged with murder, on which there is no statute of limitations, the statute should not run on lesser included offenses. The People further assert that even if the statute could run, the court erred in failing to hold an evidentiary hearing to determine whether the statute was tolled by defendant's absence from the state. We proceed to consider appellant's arguments.

I

We first consider whether the statute should be held not to run on a lesser included offense.

In discharging the defendant from custody, the trial judge felt bound by *People* v. *Rose* (1972) 28 Cal.App.3d 415 [104 Cal.Rptr. 702]. The *Rose* court held: "It has been the law of this state ever since *People* v. *Miller,*

12 Cal. 291, that on an indictment for murder—which crime is, of course, not governed by any statutory period—filed more than three years after the homicide, there can be no conviction for the lesser included offense of manslaughter unless the accusatory pleading shows some bar to the application of the statute of limitations. None having been alleged here, the conviction is jurisdictionally defective and must be reversed." (28 Cal.App.3d at p. 417.) We are convinced that the *Rose* court relied upon valid precedent in so holding.

Appellant now urges us to reach a contrary conclusion, contending that the reasons for the *Rose* decision no longer apply.

■ An accusatory pleading must allege facts showing that the prosecution is not barred by the statute of limitations. At the time of the crime, Penal Code section 800 provided that charges of voluntary or involuntary manslaughter must be brought within three years of the commission of the offense. Of course, there is no statute of limitations on the crime of murder. (Pen. Code, § 799.) If a period of time in excess of that permitted by the statute has elapsed since the commission of the offense, facts must be alleged to show the defendant's absence from the state. A sufficient period of absence will toll the running of the statute. (*People* v. *Crosby* (1962) 58 Cal.2d 713, 724-725 [25 Cal.Rptr. 847, 375 P.2d 839].)

The statute of limitations in criminal matters is jurisdictional. An information that shows on its face that the prosecution is barred by the statute of limitations fails to state a public offense. (*People* v. *McGee* (1934) 1 Cal.2d 611, 613 [36 P.2d 378].) ■ The point may be raised at any time, before or after judgment. (*Ibid.*) The California Supreme Court recently reaffirmed this rule of law, holding that the statute of limitations in a criminal case is a substantive, not a procedural, right, and is not waived by the failure to raise it at the pleading stage. (*People* v. *Zamora* (1976) 18 Cal.3d 538, 547 [134 Cal.Rptr. 784, 557 P.2d 75].)

■ We have reexamined the *Rose* rule as urged by appellant. We find that it is compelled by California law. The fact that defendant was charged with murder does not affect this result; the defendant was not guilty of murder but only of involuntary manslaughter. The information charging defendant with murder necessarily charged defendant with involuntary manslaughter as well. (*In re McCartney* (1966) 64 Cal.2d 830, 831 [51 Cal.Rptr. 894, 415 P.2d 782]; *People* v. *Carmen* (1951) 36 Cal.2d 768, 773 [288 P.2d 281].) The information shows on its face that the

charge of involuntary manslaughter was barred by the statute of limitations. Thus, the conviction was jurisdictionally defective.

The Attorney General asserts that the rule of *Rose* was originally designed to prevent the prosecutor from circumventing the statute by "overcharging" a defendant. The contention is that since a defendant can now attack the evidentiary basis for the charge prior to trial under Penal Code section 995, the rule is no longer necessary. We disagree. The abrogation of the rule applied in *Rose* would effectively circumvent the statute of limitations regardless of the prosecutor's good faith in filing the greater charges. Further, the effect of the proposed rule would be to deprive a person of the substantive right to have charges brought against him within the statutory period. ■ ■■■■ We hold that defendant's conviction for involuntary manslaughter was jurisdictionally defective.[1]

## II

■ If the statute is applicable, did the trial court err in failing to conduct an evidentiary hearing to determine (1) whether that statute was tolled by defendant's absence from the state, and (2) whether an amendment could cure the pleading? The prosecutor indicated to the trial court before defendant was discharged that he believed such an amendment could cure the defect. Inasmuch as the jury had been dismissed, we disagree that the trial judge should have held an evidentiary hearing.

When a defendant is without the state, the statute of limitations is tolled. No part of the time of absence can be considered as part of the limitations period. (Pen. Code, § 802.) When the information shows on its face that a period of time in excess of that permitted by the statute has elapsed since the commission of the offense, defendant's absence from the state to toll the statute must also be alleged. (*People* v. *Crosby, supra,* 58 Cal.2d at pp. 724-725.)

■ Penal Code section 1009 permits the trial court to entertain an amendment of the information "at any stage of the proceedings," but the

---

[1]The parties discuss whether it is appropriate to give instructions to the jury on a lesser included offense that is barred by the statute of limitations. It is clear that a defendant who introduces evidence that his offense was manslaughter and not murder is entitled to instructions that he cannot be convicted of murder if his evidence is believed. (*People* v. *Sedeno* (1974) 10 Cal.3d 703, 715-716 [112 Cal.Rptr. 1, 518 P.2d 913]; *People* v. *St. Martin* (1970) 1 Cal.3d 524, 533 [83 Cal.Rptr. 166, 463 P.2d 390].)

information cannot be amended to charge an offense not shown by the evidence at the preliminary hearing. An amendment to toll the statute of limitations does not change the offense charged and thus is permissible. (*People* v. *Crosby, supra,* 58 Cal.2d at pp. 723-724.) Not surprisingly, in *People* v. *Rose, supra,* 28 Cal.App.3d at page 418, the court dismissed the charges, but said: "The prosecution should, of course, be permitted to amend the accusatory pleading if it can."

The trial court has discretion to allow amendment of the information to show defendant's absence from the state to toll the running of the statute of limitations. (*People* v. *Massie* (1966) 241 Cal.App.2d 812, 819 [51 Cal.Rptr. 18]; *People* v. *Baker* (1962) 207 Cal.App.2d 717, 724 [24 Cal.Rptr. 691].) In the present case no request to amend the information was made until after the jury had reached its verdict and had been dismissed. The issue of whether the statute of limitations has been tolled by defendant's absence from the state is a question of fact and is for the jury to determine. (*People* v. *Zamora, supra,* 18 Cal.3d at pp. 563-564, fn. 25.) Amendment after the jury had been dismissed, and an evidentiary hearing by the judge, would have prevented the jury from passing on the issue.

In *People* v. *Zamora, supra,* 18 Cal.3d at pages 563-564, footnote 25, the court stated that the trial court has within its discretion the power to hold an evidentiary hearing to determine whether trial should proceed. This hearing was to be a pretrial hearing, however, and the court made it clear that if the prosecution prevails at the hearing, the limitation issue must still be resolved by the jury at trial. (*Ibid.*)

At the point at which the issue arose in the defendant's trial, the issue could not have been submitted to the jury. The amendment of the information was not proper. Thus, no evidentiary hearing was necessary.

## III

There remains the question of the proper disposition of the case when the defendant raises the issue after verdict but before the court enters judgment and imposes sentence. Defendant made a motion for judgment notwithstanding the verdict and sought a judgment of acquittal. The trial court declined to set the verdict aside and acquit the defendant. However, it dismissed the defendant "from further custody in this matter."

A motion for a judgment notwithstanding the verdict is unknown in criminal law proceedings. The motion must necessarily be recharacterized to permit an appropriate disposition. The motion may properly have been treated as a motion for a new trial. However, as we explain below, in the procedural posture of this case we believe that the court treated the motion as one for arrest of judgment.

Evidence was necessarily introduced pointing to defendant's guilt of involuntary manslaughter. The district attorney failed to move to amend the pleadings. Nonetheless, the defendant was convicted. Defendant may properly have moved for a new trial on the basis that he was convicted of involuntary manslaughter contrary to law. (Pen. Code, § 1181.) The granting of a new trial permits the "reexamination of the issue in the same Court [but] before another jury, . . ." (Pen. Code, § 1179.) Its effect is to place the parties in exactly the same position as if no trial had taken place.

This procedure would have been appropriate. As we have reasoned the ends of justice should not permit the People or the defendant to engage in an "all or nothing" approach in a criminal case. Thus, the court appropriately instructed the jury on the lesser included offense which was not charged. Neither can the court exercise the prosecutorial discretion which is the province of the district attorney. There is no rule of law which imposes on the district attorney the duty to specifically charge lesser included offenses.

A motion for a new trial protects the interest of the People and the defendant and does so by means of a well-known expeditious procedure. Upon the granting of the motion for new trial, the district attorney may move to amend the pleadings to affirmatively plead that the prosecution for involuntary manslaughter is not barred by the statute of limitations. The trial court may hold an evidentiary hearing prior to the new trial to determine whether the amendment should be permitted. The court has discretion to permit or refuse such an amendment.

We have noted that the motion for judgment notwithstanding the verdict could properly have been treated as a motion for a new trial and that the trial court would have been correct in granting such motion. The trial court did not purport to grant a new trial, however.

After a verdict but prior to the imposition of sentence, a defendant may move to arrest judgment. (Pen. Code, §§ 1185-1188.) A motion in

arrest of judgment is an application on the part of the defendant that no judgment be rendered on a plea, finding or verdict of guilty. (Pen. Code, § 1185.) Such a motion may be founded on any of the defects in the accusatory pleading listed in Penal Code section 1004 unless such defect is waived by the failure to demur. The grounds for demurrer in Penal Code section 1004 include that the court has no jurisdiction and that the facts alleged do not constitute a public offense. These particular grounds are not waived by the failure to file a demurrer. (Pen. Code, § 1012.) The trial court may arrest judgment for any of the grounds stated in Penal Code section 1185 on its own motion. (Pen. Code, § 1186.)

The disposition by the court was an arrest of judgment although not denominated as such. The conviction was jurisdictionally defective for the failure to allege and prove the tolling of the statute of limitations. Thus, the trial court acted properly in arresting the judgment.

The effect of granting a motion in arrest of judgment in the superior court is to place the defendant in the same position he was in immediately before the information was filed. (Pen. Code, § 1187.) If from the evidence at trial there is reason to believe the defendant guilty and a new or amended information may be framed upon which he may be convicted, defendant may be held to answer on a new or amended information; if no evidence appears sufficient to charge him with any offense, he must be discharged and the arrest of judgment shall operate as an acquittal. (Pen. Code, § 1188.)

The tolling of the statute of limitations is an essential element in the final power to pronounce judgment, but is not part of the crime itself. (*People* v. *Crosby, supra,* 58 Cal.2d at p. 723.) The evidence at the trial indicated that defendant was guilty of involuntary manslaughter and defendant does not contend otherwise. Defendant's probation report and certain testimony at the trial indicated that defendant had been without the state for extended periods since the perpetration of the offense. Since the evidence establishes reason to believe defendant guilty and it appears that a new or amended information may be filed upon which defendant may be convicted, the prosecutor may file charges against defendant and allege the tolling of the statute of limitations due to absence from the state. Prior to trial on the new or amended information the trial court may, in its discretion, hold an evidentiary hearing to determine whether the trial should proceed. (*People* v. *Zamora, supra,* 18 Cal.3d at pp. 563-564, fn. 25.)

■ Finally we note that the jury's verdict of involuntary manslaughter operated as an acquittal of the charges of first and second degree murder and voluntary manslaughter. Defendant may not be retried on these charges. Involuntary manslaughter is the greatest charge for which defendant may be tried. (*Gomez* v. *Superior Court* (1958) 50 Cal.2d 640, at p. 652 [328 P.2d 976]; *People* v. *Rose, supra,* 28 Cal.App.3d 415, at p. 417.)

The order of dismissal is reversed. Defendant may be held to answer charges of involuntary manslaughter pursuant to the filing of a new or amended information by the People. The trial court's arrest of judgment is otherwise affirmed.

Paras, Acting P. J., and Evans, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 10, 1978.