[Civ. No. 63218. Second Dist., Div. Four. July 14, 1982.]

KENNETH PRAY MAYTAG, Plaintiff and Respondent, v.
THE MUNICIPAL COURT FOR THE SANTA BARBARA
JUDICIAL DISTRICT OF SANTA BARBARA COUNTY,
Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Appellant.

COUNSEL

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Robert F. Katz and Roy C. Preminger, Deputy Attorneys General, for Real Party in Interest and Appellant.

Jerry D. Whatley for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

OPINION

**KINGSLEY, Acting P. J.**—The People contend that, on December 12, 1978, petitioner had committed a series of offenses. On January 9, 1979, the People filed in respondent court a four-count complaint (No. C-179,636), charging one felony of possession of cocaine, a misdemeanor of using and being under the influence of cocaine, another misdemeanor of driving under the influence of a drug, and an infraction of driving at an excessive speed. After various intervening proceedings (hereinafter referred to) the matter came on for a preliminary hearing on November 28, 1979. Petitioner's motion under section 1538.5 of the Penal Code was granted and that case was dismissed. Thereafter, on December 28, 1979, the People filed a new complaint (No. C-186,394), which charged the same offenses as had been charged in the first complaint. A demurrer to that new complaint was sustained and, on August 11, 1980, the People filed an amendment to the new complaint, which added an allegation that the misdemeanor and infraction counts had originally been filed on January 9, 1979, in the first case. A demurrer to the amended complaint was overruled and petitioner instituted the present action in the superior court. Ultimately, the superior court issued its writ of mandate and/or prohibition directing the municipal court to take no further action in case No. C-186,394, unless and until petitioner's demurrer (to the three counts) had been sustained. The People have appealed; we affirm.

I

Three matters are clear: (1) the applicable statute of limitations as to the three counts herein involved, is one year; (2) the original complaint, in case No. C-179,636, was filed within the statutory period; (3) if looked at alone, the complaint in case No. C-186,394, filed on December 28, 1979, was barred by the statute of limitations, being 16 days beyond the one-year period. ■ The People here argue that the second complaint related back to the date when the original case was filed, thereby being within the statutory period. We reject that contention.

It is true, as the People argue, that an amendment of a complaint, not involving a new offense, relates back to the date the complaint was filed. That doctrine operates here to make the amendment relate back to the 28th of December. But we know of no authority, and are cited to none, which permits a totally new complaint to relate back in similar fashion.

The People contend that, under subdivision (j) of section 1538.5 of the Penal Code, they were entitled, after case No. C-179,636, was dismissed, to file a new complaint. However, that statute says nothing about the time within which such a new complaint shall be filed; it deals only with avoiding any res judicata effect of the dismissal. The People here had 14 days after case No. C-179,636 was dismissed within which to act under section 1538.5; they waited 30 days!

The People here argue that petitioner may not rely on the statute of limitations, because he was responsible for the delay in holding the preliminary examination until November 28, 1979. To that contention, there are two answers: (1) much of the delay was caused by the People's unsuccessful proceeding, in the superior court and in this court, over an attempt by petitioner to rely on a defense of discriminatory prosecution; and (2) as we have pointed out above, the delay in this case did not prevent the People from filing the second complaint within the statutory period.

## II

The People also raise an argument that is purely frivolous. The petition in the superior court sought relief as to the "amended complaint"; the writ herein under review refers to the "complaint." No possibility of confusion exists. Once the amendment was filed, *it* became *the* complaint in the action.

The judgment is affirmed.

Amerian, J., and McClosky, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 8, 1982.