[Crim. No. 45069. Second Dist., Div. Seven. Oct. 29, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
ISMAIL ABAYHAN, Defendant and Appellant.

**COUNSEL**

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Michael M. Crain and John Hamilton Scott, Deputy Public Defenders, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Norman H. Sokolow and Carol Wendelin Pollack, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**LILLIE, P. J.**—Defendant appeals from judgment entered on the court's finding of guilt of assault with a deadly weapon. The sole issue is the propriety of denial of motion to set aside the information (§ 995, Pen. Code). Inasmuch as no issue is raised concerning the trial of the cause or challenge made to the sufficiency of the evidence to support either the information or the conviction, no facts are recited herein. The evidence established that defendant shot Jack Meyer in the head on February 8, 1970.

I

PROCEDURAL HISTORY

*Case No. A-059174*

The genesis of the instant action is a felony complaint filed February 10, 1970, charging defendant with assault with intent to commit murder (§ 217, Pen. Code) on February 8, 1970, and possession of a concealed firearm by a noncitizen. (§ 12021, subd. (a), Pen. Code.) Defendant was held to answer in the superior court; on April 9, 1970, bond was posted for defendant who was released from custody; on April 22, 1970, he was charged by way of information with the same two offenses. Trial was set for June 17, 1970. On that day defendant failed to appear, bail was forfeited and a bench warrant issued for his arrest. For 10 years and over 3 months the bench warrant was outstanding. On October 7, 1980, defendant surrendered on the bench warrant and the same was recalled on October 27, 1980, and defendant released on his own recognizance. After various continuances the cause was called for trial on January 21, 1981. On that date the People having been unable to locate a material witness could not proceed to trial and the court dismissed the information under section 1385, Penal Code.

*Case No. A-082187*

Twenty-three days after the dismissal of the information (A-059174), and on February 13, 1981, a felony complaint was filed charging defendant with the same offense—assault with intent to commit murder (§ 217, Pen. Code)[1] and alleging in a separate paragraph that defendant had been out of the State of California from June 1970 to November 1980. Subsequently the complaint was amended to charge attempted murder (§§ 664/187, Pen. Code), and the charge under section 217, Penal Code was stricken. The preliminary hearing was had on April 7, 1981, and defendant was held to answer the charge of attempted murder. On April 21, 1981, an information was filed charging defendant with assault with intent to commit murder (§ 217, Pen. Code) on February 8, 1970, and alleging that defendant had been out of the state from June 1970 to November 1980.

Thereafter defendant filed a series of motions to set aside the information under section 995, Penal Code. The first, filed on June 10, 1981, on the ground "the information was filed beyond statutory time limits, and the People had failed to present any evidence at [his] preliminary hearing to

---

[1]The second count (A-059174) was dropped inasmuch as that portion of the statute relating to noncitizens (§ 12021, subd. (a), Pen. Code) had been repealed.

show that the statute of limitations had been tolled," was denied October 28, 1981. Thereafter defendant filed in this court petition for writ of prohibition (2d Civ. No. 63976) which was summarily denied. Petition for hearing was denied by the Supreme Court. Thereafter, on April 28, 1982, defendant demurred to the information on the ground that it failed to state a public offense because section 217, Penal Code had been repealed by Statutes 1980, chapter 300, section 2. The court overruled the demurrer "on the ground that although 217 is not a chargeable offense any more, that under the facts in the case which have been revealed either at the preliminary or charged in the information, that it amounts to attempted murder," nevertheless, the People amended the information to charge defendant with attempted murder (§§ 664/187, Pen. Code) (he had been held to answer this charge) and to strike the charge of assault with intent to commit murder (§ 217, Pen. Code), but retained the allegation of defendant's absence from the state. The amended information was filed on May 5, 1982; defendant was arraigned thereon and entered his plea of not guilty. At that time he renewed his motion under section 995 on the same grounds as the first; it was heard, argued and denied. A second petition for writ of prohibition was filed (2d Civ. No. 65398) and summarily denied by this court; petition for hearing was denied by the Supreme Court. Thereafter, defendant again renewed his motion (§ 995) on the basis of a recent case (*Maytag* v. *Municipal Court* (1982) 133 Cal.App.3d 828 [184 Cal.Rptr. 365]); the motion was denied on September 15, 1982. Defendant filed his third petition for writ of prohibition in this court (2d Civ. No. 66509) which was summarily denied. Defendant's petition for hearing was denied by the Supreme Court.

Defendant waived trial by jury and the cause was tried to the court. Defendant's motion for judgment of acquittal (§ 1118, Pen. Code) was denied. The court found defendant guilty of assault with a deadly weapon in violation of section 245, subdivision (a), Penal Code following a stipulation between counsel that a violation of section 245 be deemed a lesser included offense in that charged in the information. Defendant's motions in arrest of judgment and for new trial were denied.

 The sole appellate contention is that "the motion to set aside the information should have been granted."[2] Appellant argues that inasmuch as the information herein (A-082187) was filed after the expiration of the three-year statute of limitations, the People were required to but presented no evidence at the preliminary hearing on April 7, 1981, to show that he was

[2]The arguments submitted herein by appellant were made on the three successive motions, the three petitions for writ of prohibition filed in this court (2 Civ. Nos. 63976, 65398, 66509) each of which was summarily denied, and the three petitions for hearing denied by the California Supreme Court.

absent from the state; and section 802.5, Penal Code enacted in 1981 cannot control because application of the statute to him would be ex post facto.

## II

### SUFFICIENCY OF EVIDENCE ON PRELIMINARY HEARING

The statute of limitations applicable to the felony charged herein (attempted murder) bars prosecution unless an information is filed within three years of its commission. (§ 800, subd. (a), Pen. Code.)

The felony complaint filed in the instant case on February 13, 1981, and later amended, charged defendant with attempted murder on February 8, 1970. The face of the complaint made it necessary for Mr. Barshop, the prosecutor, to show at the preliminary hearing (Apr. 7, 1981) that the prosecution was not barred by the statute of limitations. At the outset of the preliminary examination, the prosecutor offered evidence that there existed no statute of limitations issue because the period had been tolled by virtue of defendant's 10-year status as a fugitive from justice. This he did by requesting the magistrate to take judicial notice of the minute orders of the superior court and defendant's failure to appear entered on the jacket of the original superior court file of the predecessor action (A-059174) produced under a subpoena duces tecum. Obviously to facilitate the hearing and allow the return of the original file to the superior court, the prosecutor read into the record, without objection, official entries recorded on the jacket of the file. The magistrate took judicial notice of the official court action, as recited by the prosecutor, which established that during the pendency of the original criminal prosecution (A-059174), which was timely commenced the information having been filed 72 days after the commission of the alleged offense, defendant who had been released on bail became a fugitive on June 17, 1970, by his failure to appear for trial, forfeiture of bail and issuance of a bench warrant for his arrest and that he remained a fugitive under the outstanding bench warrant until surrendering himself on October 7, 1980.[3]

---

[3]"MR. BARSHOP: I do have a matter before we proceed which I would ask the Court to take judicial notice of. [¶] I have provided, by way of subpoena duces tecum, the file under case A 059174. [¶] I believe prima facie there has to be a showing of the tolling of statute of limitations in this matter. And by the minute order on the jacket of this case, I'd like the Court to take notice of the following entries, if the Court would. [¶] On the date of April 9th, 1970, a bond was posted in this particular matter for defendant Ismail Abayhan. [¶] On April 22nd, 1970, the defendant having been held to answer entered a plea of not guilty in Department 'A,' West Department 'A,' Santa Monica. A trial setting date was set on the date of June 17th, 1970 in one of the superior court departments, Department 'H.' [¶] On the date of June 17th, 1970 the defendant for no good cause shown, failed to appear. A bench warrant issued for his arrest. Bail forfeiture on the bond posted on April the 9th. [¶] The next entry the Court would note in the record before it appears on the date of October

Thus the evidence established that as of that day (Apr. 7, 1981), eliminating the time during which the bench warrant was outstanding and defendant remained a fugitive from justice, the instant prosecution was commenced well within the three-year statute of limitations. The information here under challenge was filed 14 days later.

Appellant argues that under *People* v. *Zamora* (1976) 18 Cal.3d 538 [134 Cal.Rptr. 784, 557 P.2d 75] and *People* v. *Crosby* (1962) 58 Cal.2d 713 [25 Cal.Rptr. 847, 375 P.2d 839], the People were required to but failed to submit proof at the preliminary hearing that he was out of the State of California between 1970 and 1980. *Crosby* holds that "the burden is on the People of establishing that the offense was committed within the applicable period of limitations. [Citations.]," and the evidence upon which the information (indictment) is based "must include at least some evidence that the prosecution is not barred by the statute of limitations." (*People* v. *Crosby, supra,* 58 Cal.2d 713, 725.) In *Crosby,* as in *Zamora,* the statute of limitations issue arose out of the very nature of the criminal conspiracy charged and out of Crosby's absence from the State of California by virtue of his residence in New York for years *prior to the return* of the indictment. ■ Where a conspiracy is a "continuing" one, the statutory period begins to run with the commission of the last overt act alleged (p. 728). As to the grand theft charges, the People relied upon Crosby's absence from the state to toll the statute, and because of this reliance the court held that such fact had to be alleged and proved. ■ In the instant case the People met their burden of establishing that the offense was committed within the applicable period of limitations by relying on evidence that defendant had been a fugitive from justice from June 17, 1970 to October 7, 1980. *People* v. *Zamora, supra,* 18 Cal.3d 538, also involved charges of conspiracy and grand theft. One statute of limitations issue arose out of the conspiracy (p. 506), the court distinguishing "continuing conspiracy" from the conspiracy which ends at the same time as the substantive offense; the other out of the applicability of the "discovery" provision of the statute of limitations (§ 800, subd. (c), Pen. Code) to the grand theft charge alleging that the acts of grand theft were not "discovered" until a certain date outside of the statute of limitations which required a showing of reasonable diligence. (P. 564.) Neither *Crosby* nor *Zamora* is apposite to the instant case in the

the 7th, 1980 where the defendant appeared, surrendered himself, the bench warrant being recalled. I believe he was released on his own recognizance. [¶] Then there are three other appearances where October 27th would be a trial setting and, then, also in 1980. [¶] December 2nd 1980, a continuance on the People's motion because we had not located a material witness. [¶] A continuance on January the 6th, 1981. [¶] Finally, the dismissal on January 21st, 1981 under 1385 because we had not located a material witness. [¶] Would the Court take judicial notice of those facts?

"THE COURT: The Court will and does.

"MR. BARSHOP: Thank you."

factual context. Neither case involved a fugitive from justice. *Zamora,* citing *People* v. *Crosby, supra,* 58 Cal.2d at page 725, says that "[I]n order to hold a defendant over for trial the People bear the burden of producing evidence (either before the grand jury or at the preliminary hearing) which demonstrates that there is probable cause to believe that the prosecution is not barred by the statute of limitations" (p. 565, fn. 26; see also *Parnell* v. *Superior Court* (1981) 119 Cal.App.3d 392, 406 [173 Cal.Rptr. 906]), and this is precisely what the prosecutor here did on the preliminary hearing by establishing defendant was a fugitive from justice from June 1970 to October 1980 which tolled the running of the three-year statute of limitations.

### III

### ■ AS A FUGITIVE, DEFENDANT CANNOT RELY ON TIME BAR OF STATUTE OF LIMITATIONS

The trial judge denied the motions to set aside the information on the basis that defendant, who had been a fugitive from justice, is not now in a position to take advantage of the bar of the three-year statute. Appellant challenges this on the theory first, that assuming he was a fugitive, he is not now a fugitive having voluntarily surrendered and is entitled to invoke the bar of the statute; and second, there is no "fugitive" exception to the running of the statute, the People were required to prove he was out of the state during the challenged time (§ 802, Pen. Code) and section 802.5, Penal Code which became effective in 1981, cannot justify the trial court's reasoning because its application to him is ex post facto.

The concept that as a fugitive from justice in a pending criminal prosecution a defendant is disentitled to call upon the resources of the court or processes of the law for a determination of his claims, has long existed. It reflects the invocation by the courts of their inherent equitable powers to refuse to extend their resources or processes to an absconding defendant in a pending criminal prosecution, a rationale later codified by statute in 1981 (§ 802.5, Pen. Code). In *In re Shortridge* (1907) 5 Cal.App. 371, 379 [90 P. 478], the court reiterated that a defendant in a criminal case who is a fugitive from justice and refuses to submit himself to the jurisdiction of the court has no right to be heard in court, even through counsel. See also *Molinaro* v. *New Jersey* (1970) 396 U.S. 365, 366 [24 L.Ed.2d 586, 587, 90 S.Ct. 498] which held that a convicted defendant who becomes a fugitive cannot prosecute his appeal during that time.

Any argument that now that he has voluntarily surrendered he may claim the benefits of the time statute that ran against the People while he was a fugitive is specious. If an absconding defendant could not call upon the

resources of the court while he was a fugitive it simply makes no sense to permit him now, after flouting the processes of the law for over 10 years by refusing to submit himself to the jurisdiction of the court, to invoke them to his benefit to bar the criminal prosecution he sought in this manner to avoid. While he was a fugitive defendant could not rely on the bar of the statute; why then should he be allowed upon his surrender over 10 years later to take advantage of his own wrong? This was the holding in a slightly different factual context which illustrates the fallacy of appellant's contention. In *People* v. *Seely* (1946) 75 Cal.App.2d 525 [171 P.2d 529], defendant escaped custody on the day of his robbery trial. Apprehended a month later, he moved for dismissal on the ground the 60-day period had elapsed 10 days before. The motion was denied. Said the court: "As heretofore stated, the 60-day period authorized by the statute elapsed on November 10, 1945, at which time appellant was a fugitive from justice. Under the familiar maxim of jurisprudence that 'No man can take advantage of his own wrong,' appellant by his wrongful absence from custody lost the right to insist upon a trial within the period prescribed by section 1382, *supra.* As was so aptly stated in *In re Gere,* 64 Cal.App. 418, 422 [221 P. 689]: 'It is conceded that the constitutional guaranty of a speedy trial and the provisions of section 1382 of the Penal Code adopted in pursuance thereof do not operate in favor of a fugitive from justice.'" (Pp. 526-527.) So too, the bar of the statute of limitations should not be permitted to work to the advantage of one whose pending trial in a criminal prosecution, timely commenced, has been delayed because of his own wrong.

■ The felony complaint included the allegation that "defendant has been out of the State of California from June 1970 to November 1980." Under *People* v. *Zamora* (1976) 18 Cal.3d 538 [134 Cal.Rptr. 784, 557 P.2d 75] and *People* v. *Crosby* (1962) 58 Cal.2d 713 [25 Cal.Rptr. 847, 375 P.2d 839], all the People had to establish at the preliminary hearing (in addition to reasonable or probable cause to believe that a public offense had been committed and defendant committed it) was "that the prosecution is not barred by the statute of limitations" (58 Cal.2d at p. 725; see also *Parnell* v. *Superior Court, supra,* 119 Cal.App.3d 392, 406). This they did by proving that defendant had absconded on June 17, 1970, and remained a fugitive from justice until October 7, 1980. Neither this evidence nor the manner in which it was offered by the People and received by the magistrate was objected to by the defendant; nor was it controverted. Further, no argument concerning the statute of limitations was made to the magistrate by either counsel nor was the bar of the statute ever mentioned by the defense. The fact that the People on the preliminary hearing did not rely on defendant's absence from the state from 1970 to 1980 to toll the statute of limitations but instead, relied upon evidence that he was a fugitive during

that time to toll the statute is of no significance because the People sustained their burden of establishing "probable cause to believe that the prosecution is not barred by the statute of limitations." (*People* v. *Zamora* (1976) 18 Cal.3d 538, 565, fn. 26 [134 Cal.Rptr. 784, 557 P.2d 75].) The information also included the allegation that defendant was absent from the state from June 1970 to November 1980. We note that at the hearing on the first section 995 motion the prosecutor offered at that time to prove the allegation, but the trial judge deemed the People's proof on the preliminary hearing to be sufficient to show that there existed no statute of limitations problem, and deferred proof to the trial. At trial the People introduced in evidence defendant's application for immigrant visa and alien registration establishing that he had been in Trabzon, Turkey from 1970 until "the present," and the document was signed by defendant in Ankara, Turkey on June 18, 1980 (exhibit 3). Item 31 of the document showed that he left the United States on June 1, 1970, establishing that, indeed, he was out of the United States for 10 years. The evidence was uncontradicted.

Conceding that if the same events as in 1970 occurred now, the three-year statute would not have run against the People, appellant argues that section 802.5, which provides for the tolling of time limitations for commencement of a criminal action upon issuance of an arrest warrant, and that no time during which a criminal action is pending is a part of any limitation of the time for recommencing that criminal action in the event of a prior dismissal thereof, cannot be applied here because it was enacted in 1981 after the three-year period had run (he says the statute of limitations expired in Feb. 1973), and that prior to the enactment of section 802.5 the exceptions provided therein did not exist (the only exception was defendant's absence from the state [§ 802, Pen. Code]), thus application to him would be ex post facto, citing *Sobiek* v. *Superior Court* (1972) 28 Cal.App.3d 846, 849-850 [106 Cal.Rptr. 516]. Such position assumes that by the time the instant information (A-082187) was filed on April 21, 1981, the three-year period had already run. As hereinabove pointed out, the assumption is erroneous. Further, the trial court did not apply section 802.5 to defendant, nor are we applying the statute. It is more than obvious that the statute did not create a new rule of law for it has been long settled in American law that as a fugitive from justice, an absconding defendant in a pending prosecution is not entitled to invoke the resources of the court or the processes of the law; and we have applied this concept in the context of the bar of the statute of limitations to this defendant. It is only reasonable that the law should not reward a defendant who has thwarted prosecution of his pending criminal case for 10 years by absconding and by making it impossible for the People, upon his surrender, to immediately garner lost witnesses for trial, by permitting him to profit from asserting the time bar of the statute.

IV

MAYTAG V. MUNICIPAL COURT, 133 CAL.APP.3d 828 NOT APPLICABLE

■ Appellant's argument that *Maytag* v. *Municipal Court, supra,* 133 Cal.App.3d 828, which rejected the "relation-back" theory, makes untenable the People's position that the refiling of the charge on April 21, 1981, after the first case (A-059174) was dismissed, may be deemed to "relate back" to the original prosecution which was timely filed, is without merit. First, "relation-back" to the original action is wholly unnecessary here; the theory was not used by the trial judge in denying any of the 995 motions nor has it been applied here by this court. It is simply not involved because defendant, as a fugitive from justice, is not entitled to rely on the bar of the statute of limitations by including the period of time he was a fugitive (June 17, 1970-Oct. 7, 1980) in calculating the time period of the statute. Thus, the information herein (A-082187) was filed (Apr. 21, 1981) well within the three-year period.[4] Second, *Maytag* is not applicable because the "relation-back" theory is not here applicable. Further, we note a factual dissimilarity, whereas in the instant case defendant absconded and became a fugitive thwarting the criminal prosecution, in *Maytag,* the delay was due in better part to the People's tactics in the trial and appellate courts to thwart defendant's defense of discriminatory prosecution (133 Cal.App.3d at p. 831).

V

DISPOSITION

The trial judge was correct in his implied findings that defendant had been held to answer upon reasonable or probable cause to believe that a public offense had been committed and defendant had committed it; and that defendant had been legally committed by the magistrate. ■ "Where the limitations issue is raised by a motion to set aside the information, the court confronts the general rule permitting it to quash only if there is no evidence from which the essential elements of proof can be inferred. (*Rideout* v. *Superior Court* (1967) 67 Cal.2d 471, 474 [62 Cal.Rptr. 581, 432 P.2d 197].)" (*Parnell* v. *Superior Court, supra,* 119 Cal.App.3d 392, 406.) There is no question but that the magistrate's finding that there is probable cause to believe defendant committed attempted murder in violation of sec-

---

[4]Calculation is made by counting the time from the date of the commission of the alleged offense, February 8, 1970, to the date defendant became a fugitive from justice, June 17, 1970, eliminating the time he was a fugitive under the outstanding bench warrant for his arrest issued June 17, 1970, to the date he surrendered, October 7, 1980, and picking up the time from October 7, 1980, to the date the information was filed, April 21, 1981.

tions 664/187, Penal Code, is supported by the evidence. ██ ██ While tolling of the statute of limitations is not an element of the crime (*People v. Morgan* (1977) 75 Cal.App.3d 32, 40 [141 Cal.Rptr. 863]), the statute of limitations is jurisdictional (*Parnell* v. *Superior Court, supra,* 119 Cal.App.3d 392, 406) but it is also clear from the proof offered on the preliminary hearing that the People sustained their burden of supporting the information with evidence "which demonstrates that there is probable cause to believe that the prosecution is not barred by the statute of limitations." (*People* v. *Zamora, supra,* 18 Cal.3d 538, 565, fn. 26.)

The judgment is affirmed.

Thompson, J., and Johnson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 31, 1985.