98 Cal.Rptr.2d 874 (2000)
82 Cal.App.4th 1352
The PEOPLE, Plaintiff and Respondent,
v.
Cam Thach Thi LE, Defendant and Appellant.
The People, Plaintiff and Respondent,
v.
Alexander Sinclair, Defendant and Appellant.
The People, Plaintiff and Respondent,
v.
David E. Page, Defendant and Appellant.
Nos. G018045, G018046, G018057.
Court of Appeal, Fourth District, Division Three.
August 14, 2000.
*875 Michael D. Abzug, Los Angeles, Kopeny & Powell, William J. Kopeny, Irvine, Scovis & Scovis, and Arthur L. Scovis, Thousand Oaks, for Defendants and Appellants.
Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Senior Assistant Attorney General, Janelle M. Boustany and Crystal L. Bradley, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION
WALLIN, J.[*]
Cam Thach Thi Le, Alexander Sinclair, and David Page appealed their convictions for multiple counts of grand theft and insurance fraud, contending the prosecution did not adequately plead and prove the statute of limitations had not run.[1] We reversed with directions. The Supreme Court granted review and eventually transferred the matter back to this court with directions to vacate our decision and to reconsider the matter in light of People v. Williams (1999) 21 Cal.4th 335, 87 Cal. Rptr.2d 412, 981 P.2d 42.
We have complied with the Supreme Court's order.[2] As we shall explain, nothing in Williams alters our reasoning or conclusion in any respect. We reissue substantially the same opinion and again reverse with directions.
*876 On June 12, 1992, arrest warrants issued for Le, Sinclair, and Page (collectively, the defendants) as the result of a complaint filed in West Orange County Municipal Court case No. DVW 239475APOF that alleged illegal fee splitting, conspiracy, and multiple counts of insurance fraud and grand theft. On October 28, 1993, the Orange County Grand Jury returned an indictment against the defendants in this case (93ZF0165) charging illegal fee splitting against Sinclair and Page, both medical doctors, nine counts of insurance fraud and six counts of grand theft against Sinclair and Le, six counts of insurance fraud and two counts of grand theft against Page and Le, the illegal practice of medicine against Le, and conspiracy against all defendants. All of the violations were alleged to have occurred on dates between May 1, 1987, and February 15, 1990. The indictment alleged: "[T]his prosecution [was] commenced by the issuance of an arrest warrant ... on June 12, 1992, within the meaning of Penal Code Section 804."[3]
After the prosecution rested at trial, the court dismissed the conspiracy, illegal practice of medicine, and fee splitting counts for failure of proof, and certain other counts in the interest of justice. Sinclair's lawyer inquired, "When they rest, that means that's the evidence; [n]o more evidence?" The court responded, "No more evidence." Le's counsel asked, "Are they precluded from reopening?" The court replied, "The case is over, yes. Yes, I am not going to let them reopen after a month and a half."
The defendants all joined in a motion for acquittal, asserting the prosecutor failed to prove the statute of limitations had not run. The prosecutor asked for a recess until the next day to respond, which the court ultimately granted.[4] When court convened the next day, it expressed the sentiment that it should allow the prosecution to reopen.[5] Defense counsel explained their theories of prejudice if the prosecution were allowed to reopen and renewed their objections, and Sinclair and Le rested.
The prosecution introduced the arrest warrants into evidence and called Investigator Blochl. He testified he obtained the arrest warrants, the facts stated in the affidavit for the warrants covered the same subject matter as was being litigated in the trial, and the present case had a different case number than the one for which he obtained the warrants. He knew the latter case had been dismissed before a preliminary hearing was held, but he did not know when. The defendants were convicted of some, but not all, of the insurance fraud and grand theft counts.[6]
*877 All parties agree the charges were subject to a three-year statute of limitations[7] and that the indictment was not issued within three years of any of the alleged offenses. The dispute centers on whether the evidence that arrest warrants issued within three years of the offenses adequately proved the statute of limitations had not run.
The Attorney General argues proof that arrest warrants issued within three years of the offenses was adequate. He relies on People v. Lewis (1986) 180 Cal. App.3d 816, 225 Cal.Rptr. 782, where the court stated, "[T]he issuance of a valid warrant for defendant's arrest shortly after the commission of the crime is an undisputed fact and the issuance of the arrest warrant tolled the limitations period as a matter of law. The existence of an event tolling the period being an undisputed fact, the error in failing to plead that event or to prove it to the jury is harmless." (Id. at p. 821, 225 Cal.Rptr. 782.)
But the Lewis court interpreted former section 802.5, which referred to the issuance of an arrest warrant, as "tolling" the statute of limitations. (Former § 802.5, repealed by Stats.1984, ch. 1270, § 1.) Present section 804 describes the act of issuing an arrest warrant as "commenc[ing]" a prosecution.[8] Section 803 deals with tolling and provides in relevant part: "(a) Except as provided in this section, a limitation of time prescribed in this chapter is not tolled or extended for any reason. [¶] (b) No time during which prosecution of the same person for the same conduct is pending in a court of this state is a part of a limitation of time prescribed in this chapter."
The defendants assert that although the issuance of the warrants may have commenced a prosecution in municipal court intended to culminate in a preliminary hearing and the issuance of an information in superior court, it did not commence this prosecution, which began with the grand jury's indictment. In other words, the defendants argue that "prosecution," as used in section 804, refers to the case in which the defendants are actually on trial.[9]
The defendants reason that, at most, the issuance of the arrest warrant began the tolling period arising from a "prosecution of the same person for the same conduct." (§ 803, subd. (b).) The statute of limitations would be tolled for the time "during which prosecution ... [was] pending." (Ibid.) The defect in the prosecution's proof, the defendants argue, is it did not establish the length of the tolling period. To meet its burden of proof, the prosecution needed to prove the time during which the other prosecution was pending, when subtracted from the time between the commission of the offenses and the issuance of the indictment, yields a period less than three years.
In resolving the dispute between the defendants' and the Attorney General's interpretation of the statutes, we construe application of the statute of limitations strictly in favor of the defendants. (People *878 v. Zamora (1976) 18 Cal.3d 538, 574, 134 Cal.Rptr. 784, 557 P.2d 75.) Using this rule, general rules of statutory construction, and precedent, we conclude the defendants' interpretation is correct.
In Maytag v. Municipal Court (1982) 133 Cal.App.3d 828, 184 Cal.Rptr. 365, the Court of Appeal held that for statute of limitations purposes, the filing of a later complaint did not relate back to the filing date of the original complaint alleging the same charges, where the original complaint had been dismissed. (Id. at pp. 830-831, 184 Cal.Rptr. 365.) Implicit in the holding is the notion the two complaints were not for the same "prosecution," even though they related to the same criminal violations. The Legislature was presumably of Maytag when it enacted sections 803 and 804 in 1985. (See People v. Overstreet (1986) 42 Cal.3d 891, 897, 231 Cal.Rptr. 213, 726 P.2d 1288 [Legislature is presumed to be aware of existing decisions and to have acted in light of them].)
The California Law Revision Commission comments to section 803 and 804 also support the notion multiple prosecutions for the same acts are distinct. (See People v. Williams (1976) 16 Cal.3d 663, 667-668, 128 Cal.Rptr. 888, 547 P.2d 1000 [California Law Revision Commission comments are declarative of legislative intent].) Section 803, subdivision (b) "continues the substance of former Section 802.5." (Cal. Law Revision Com. com., 50 West's Ann. Pen.Code, § 803 (2000 Supp.) p. 33.) The commission comment to section 803 uses the term "subsequent prosecution" when referring to language in former section 802.5 addressing "recommencing the same `criminal action'" (Cal. Law Revision Com. com., supra, at p. 33, italics added), indicating earlier and later prosecutions are distinct, and the statute of limitations is tolled while the earlier prosecution is pending.[10] The commission comment for section 804 notes "[subdivision (d) [referring to the issuance of an arrest warrant as commencing an action] continues the substance of portions of former Sections 800 and 802.5...." (Cal. Law Revision Com. com., 50 West's Ann. Pen.Code § 804 (2000 pocket supp.) p. 39.) Thus, nothing in the enactment of section 804 alters the defendants' interpretation of section 803.
Finally, construing section 804, subdivision (d), as the Attorney General urges, would violate the rule that statutes are to be construed so as to avoid rendering other legislation a nullity. (See People v. Tanner (1979) 24 Cal.3d 514, 520, 156 Cal.Rptr. 450, 596 P.2d 328.) Section 804 lists the various acts that commence a prosecution for purposes of the statute of limitations and lists virtually all of the ways a prosecution can be commenced.[11] If those acts commenced not only the case to which they related but all later prosecutions for the same acts that might arise, *879 section 803, subdivision (b) would be effectively unnecessary because tolling would not be necessary. For these reasons, we conclude the issuance of the arrest warrants in case No. DVW 239475APOF commenced that prosecution, but it did not commence this case, No. 93ZF0165, which arose from an indictment.[12]
The Attorney General suggests any error in the pleading or proof is cured on the undisputed facts of the case.[13] In People v. Lewis, supra, 180 Cal.App.3d 816, 225 Cal.Rptr. 782, the court held that although the failure to plead and prove the statute of limitations was "of jurisdictional proportions," that error was cured by the "undisputed fact" an arrest warrant had issued shortly after the commission of the crime, tolling the statute of limitations. (Id. at p. 821, 225 Cal.Rptr. 782.) Because the facts were undisputed, it would be a waste of resources to remand the case for a predestined result. (Ibid.; see also People v. Guiterrez (1991) 232 Cal.App.3d 1624, 1642, 284 Cal.Rptr. 230; People v. Posten (1980) 108 Cal.App.3d 633, 648-649, 166 Cal.Rptr. 661.)
Lewis is distinguishable for at least two reasons. First, the facts here are not undisputed as they were in Lewis. The Attorney General refers us to what is purportedly a dismissal of the complaint in the municipal court proceeding and argues it shows a tolling period created by that action which made the present case timely filed. But the document is merely an attachment to the prosecution's opposition to a new trial motion. It does not contain a case number, and the prosecution's representation as to the document's identity was not made under oath. It was not offered as evidence at trial. Most importantly, none of the defendants concede that the facts are undisputed, as was the case in Lewis.
Second, even if the tolling period were undisputed, the prosecution would not be entitled to an affirmance. In Cowan v. Superior Court (1996) 14 Cal.4th 367, 58 Cal.Rptr.2d 458, 926 P.2d 438, the Supreme Court overruled a body of case law, commencing with People v. McGee (1934) 1 Cal.2d 611, 36 P.2d 378, to the extent it held the statute of limitations is jurisdictional in the fundamental subject matter sense. (Cowan, supra, 14 Cal.4th at p. 374, 58 Cal.Rptr.2d 458, 926 P.2d 438.) In doing so, however, the court expressly declined to abandon the well-established rule that the statute of limitations is a substantive matter which the prosecution must prove by a preponderance of evidence at trial if the defense puts the prosecution to its proof. (Ibid.; see also People v. Bunn (1997) 53 Cal.App.4th 227, 234, 61 Cal.Rptr.2d 734 and cases cited [statute of limitations is a matter of defense if asserted at trial, which prosecution must prove by a preponderance of the evidence], disapproved on other grounds in People v. Frazer (1999) 21 Cal.4th 737, 765, 88 Cal. Rptr.2d 312, 982 P.2d 180 [statute of limitations is not a "defense" for ex post facto purposes]; People v. Fine (1997) 52 Cal. App.4th 1258, 1267, 61 Cal.Rptr.2d 254 [if facts concerning due diligence regarding statute of limitations are disputed, it becomes an issue for the trier of fact]; People v. Lopez (1997) 52 Cal.App.4th 233, 250, 60 Cal.Rptr.2d 511.) The Cowan majority did not suggest the prosecutor's duty to prove its case is different in this instance *880 than it is with any other "element" of its case.
In People v. Lewis, supra, 180 Cal. App.3d 816, 225 Cal.Rptr. 782, and similar cases, the defendant had either pleaded guilty or had been convicted of a lesser included offense at trial. The defendant attacked, either in a pretrial motion or for the first time on appeal, the prosecution's failure to plead, and sometimes to prove as well, that the statute of limitations had not run. The courts found pleading problems caused jurisdictional errors that were either cured on the record presented or that the prosecution was entitled to attempt to cure on remand. (See, e.g., People v. Chadd (1981) 28 Cal.3d 739, 758, 170 Cal. Rptr. 798, 621 P.2d 837; In re McCartney (1966) 64 Cal.2d 830, 832, 51 Cal.Rptr. 894, 415 P.2d 782; People v. Guiterrez, supra, 232 Cal.App.3d at p. 1642, 284 Cal.Rptr. 230; People v. Posten, supra, 108 Cal. App.3d at pp. 648-649, 166 Cal.Rptr. 661; People v. Lewis, supra, 180 Cal.App.3d at pp. 821-822, 225 Cal.Rptr. 782; People v. Park (1978) 87 Cal.App.3d 550, 571-572, 151 Cal.Rptr. 146; People v. Morgan (1977) 75 Cal.App.3d 32, 40-41, 141 Cal. Rptr. 863; People v. Rose (1972) 28 Cal. App.3d 415, 417-418, 104 Cal.Rptr. 702; but see In re Demillo (1975) 14 Cal.3d 598, 601-602, 121 Cal.Rptr. 725, 535 P.2d 1181 [judgment vacated and petitioner discharged on habeas corpus where prosecution failed to plead tolling]; and see People v. Padfield (1982) 136 Cal.App.3d 218, 225-227, 185 Cal.Rptr. 903 [defendant's guilty plea admitted sufficiency of tolling allegations]; and see Cowan v. Superior Court, supra, 14 Cal.4th at p. 373, 58 Cal.Rptr.2d 458, 926 P.2d 438 [jurisdiction is not fundamental in this sense].) That rule makes sense because in each case the prosecution never had an opportunity to prove the statute of limitations had not run.
But the result is different when the defense has challenged the prosecution to prove at trial that the statute of limitations has not run. Many cases have discussed the distinction between the pleading and proof aspects of the statute of limitations. For example, in People v. Lopez, supra, 52 Cal.App.4th 233, 60 Cal.Rptr.2d 511, the court explained that if the defense asserts in a pretrial motion that the statute of limitations has run, the court may decide the issue as a matter of law if the facts are not in dispute. "On the other hand, if the evidence either establishes that the statute has not run or is conflicting on the question, the court should deny the motion because there has been no proof that the statute has run as a matter of law. `If the People prevail after such a hearing, then the limitation issue must still be resolved by the jury if it remains disputed by the defendant.' [Citation.]" (Id. at p. 250, 60 Cal.Rptr.2d 511, italics added; see also People v. Bunn, supra, 53 Cal.App.4th 227, 234, 61 Cal.Rptr.2d 734 [statute of limitations is a matter of defense if asserted at trial]; People v. Fine, supra, 52 Cal. App.4th at p. 1267, 61 Cal.Rptr.2d 254 [if facts concerning due diligence regarding statute of limitations are disputed, it becomes an issue for the trier of fact].)[14]
When a statute of limitations issue has been tried to a jury, on appeal the question becomes whether there was substantial evidence to support the jury's implied findings. (People v. Zamora, supra, 18 Cal.3d 538, 565, 134 Cal.Rptr. 784, 557 P.2d 75.) If there was not, the judgments are reversed. (Id. at pp. 565, 574, 134 Cal.Rptr. 784, 557 P.2d 75.)
The prosecution presented sufficient evidence to show the prior prosecution commenced before the statute of limitations had run. It presented no evidence, however, to show how long the statute was tolled by that prosecution. The prosecution had its chance but failed to show the statute of limitations had not run by the time the indictment issued.
*881 Nothing in People v. Williams, supra, 21 Cal.4th 335, 87 Cal.Rptr.2d 412, 981 P.2d 42 alters this analysis. In Williams, the information showed on its face the statute of limitations had run, and the defendant raised the issue for the first time on appeal. (Id. at pp. 338-339, 87 Cal.Rptr.2d 412, 981 P.2d 42.) The Attorney General asked the Supreme Court to decide a question the court had expressly opted not to address in Cowan v. Superior Court, supra, 14 Cal.4th at page 374, 58 Cal.Rptr.2d 458, 926 P.2d 438  whether the protection of a statute of limitations could be forfeited by failing to raise it before or at trial  and to overrule a substantial body of case law that had answered the question in the negative. The Supreme Court declined to do so. (People v. Williams, supra, 21 Cal.4th at pp. 337-338, 87 Cal.Rptr.2d 412, 981 P.2d 42.) The court also expressly refused to opine on what rules should apply when, as here, the defendants have asserted the statute of limitations at trial. (Id. at p. 345, fn. 3, 87 Cal.Rptr.2d 412, 981 P.2d 42.) Williams has no impact on this case.
As this court did in its previous opinion in this matter, we pause to note we take no joy in reversing on a statute of limitations ground. We echo Presiding Justice Sills' observation in his now-vacated concurring opinion, "To require a prosecutor to prove a negative as an element of an offense defies the grand logic of the law. As in civil cases, the burden of raising the statute of limitations should rest with the defendant by way of an affirmative defense."
Our high court has stated in no uncertain terms in People v. Williams, supra, 21 Cal.4th 335, 87 Cal.Rptr.2d 412, 981 P.2d 42 it is not inclined to make the statute of limitations an affirmative defense. We respect that court's decision. (Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450, 455, 20 Cal.Rptr. 321, 369 P.2d 937; People v. Savala (1981) 116 Cal. App.3d 41, 58, 171 Cal.Rptr. 882.) However, we seize upon the Supreme Court's observation that "[i]f the Legislature wants to adopt a forfeiture rule, it can do so at any time." (People v. Williams, supra, 21 Cal.4th at p. 344, 87 Cal.Rptr.2d 412, 981 P.2d 42.) We urge the Legislature to do so.
The judgment is reversed with directions to enter a judgment of acquittal as to all defendants.
SILLS, P.J., and BEDSWORTH, J., concur.
NOTES
[*] Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.
[1] The defendants raise numerous other grounds for reversal that we need not reach because we agree with this contention.
[2] Under California Rules of Court, rule 29.4(f), we gave the parties an opportunity to file a supplemental brief. Only Le filed one, in which Sinclair joined.
[3] All statutory references are to the Penal Code.
[4] Before the court granted the prosecution's request for a recess, the prosecutor suggested the court could take judicial notice of the arrest warrants. Defense counsel responded the prosecutor would need to reopen for the court to do that. The court mused that if the case went immediately to the jury, the court would be required to return verdicts of not guilty based on the statute of limitations, and the prosecution would need to reopen to present proof to avoid that result. The court indicated it had a "vague question" about the statute of limitations as the case went along, but that it had been none of the court's business.
[5] The court asked, "[W]hy can't they prove it now?" Defense counsel noted the prosecution had rested, and the court responded, "Well, this is a little bit too much gamesmanship. This is an issue which was not raised at all. They rested as to the issues we had before us. I'm not going to go for that. I will allow them to amend, if necessary, and prove." When defense counsel reminded the court it had said the prosecution would not be allowed to reopen, the court said, "But I had no idea this was coming up, of course."
[6] Because we find well taken the defendants' argument that the prosecution did not prove the statute of limitations had not run, it is unnecessary to set forth the facts underlying the charges. In general, Le, who was not a doctor, ran a clinic through which she referred patients to Sinclair and Page, both medical doctors, for plastic surgery, generally on the patient's nose. When insurance companies were billed, the forms listed procedures other than those that were performed, listed health reasons for the procedures that did not exist, and gave false addresses for where the surgeries were performed (which increased the payment amounts).
[7] Section 801 provides: "Except as provided in Sections 799 and 800, prosecution for an offense punishable by imprisonment in the state prison shall be commenced within three years after commission of the offense." Sections 799 and 800 deal with the embezzlement of public money and offenses punishable by death, imprisonment for life, and imprisonment for eight years or more, none of which are applicable here.
[8] Section 804 provides in relevant part, "For the purpose of this chapter, prosecution for an offense is commenced when any of the following occurs: [¶] ... [¶] (d) An arrest warrant or bench warrant is issued, provided the warrant names or describes the defendant with the same degree of particularity required for an indictment, information, or complaint."
[9] Actually, defendant Le makes this argument, but the other defendants have effectively joined in it.
[10] Former section 802.5 read: "The time limitations provided in this chapter for the commencement of a criminal action shall be tolled upon the issuance of an arrest warrant or the finding of an indictment, and no time during which a criminal action is pending is a part of any limitation of the time for recommencing that criminal action in the event of a prior dismissal of that action...." (Stats. 1981, ch. 1017, § 3, pp. 3927-3928, italics added.) The commission pointed out the only substantive change in section 803, subdivision (b) was to adopt a broader concept than "criminal action," as used in section 802.5, by replacing that language with "same conduct" in section 803. (Cal. Law. Revision Com. com., 50 West's Ann. Pen.Code, § 803, supra, at p. 33.)
[11] When this action was filed, section 804 provided: "For the purpose of this chapter, prosecution for an offense is commenced when any of the following occurs: [¶] (a) An indictment or information is filed. [¶] (b) A complaint is filed with an inferior court charging a public offense of which the inferior court has original trial jurisdiction. [¶] (c) A case is certified to the superior court. [¶] (d) An arrest warrant or bench warrant is issued, provided the warrant names or describes the defendant with the same degree of particularity required for an indictment, information, or complaint." Since then, irrelevant changes have been made to subdivision (d).
[12] Two cases on which the Attorney General relies do not impact this result. People v. Whitfield (1993) 19 Cal.App.4th 1652, 1659, 24 Cal.Rptr.2d 210, and People v. Lewis, supra, 180 Cal.App.3d at p. 821, 225 Cal.Rptr. 782, both dealt with the original prosecution of criminal acts. The courts correctly found the prosecutions commenced with the issuance of the arrest warrants. People v. Miller (1987) 192 Cal.App.3d 1505, 238 Cal.Rptr. 168, which the Attorney General also cites, merely held the arrest warrant that commences a prosecution may be issued either by a municipal court judge or a superior court judge. (Id. at p. 1507, 238 Cal.Rptr. 168.)
[13] The Attorney General does not make the argument expressly, but because our holding results in a termination of the action, we give him the benefit of the doubt.
[14] These cases are analogous to the present case and are distinguishable from pleading cases such as People v. Park, supra, 87 Cal. App.3d 550, 151 Cal.Rptr. 146 and People v. Morgan, supra, 75 Cal.App.3d 32, 141 Cal. Rptr. 863.