*Supp. 62 Opinion
COLE, P. J.
This is an appeal by the People from an order after judgment which they claim has deprived them of the benefits of a plea bargain into which they entered.
Facts
1. On July 18, 1977, a 15-count complaint was filed. Count 1 charged respondent with violating section 11156 of the Health and Safety Code (furnishing a controlled substance to an addict). Count 2 charged that respondent violated section 2361.5 of the Business and Professions Code (prescribing a drug to a patient in the regular course of medical practice which was detrimental to the patient as determined by customary practice). Counts 3 through 15 each charged a violation of section 2399.5 of the Business and Professions Code (prescribing dangerous drugs without medical indication therefor).
2. On October 26, 1977, (on one page the docket says April 26, but that is obviously an error) respondent pleaded guilty to counts 1 and 3 and pleaded nolo contendere to count 2. The matter was referred to the probation officer and the disposition of counts 4 through 15 was held in abeyance. It was stipulated that the court could consider the prosecutor’s file “as well as other counts alleged” at time of sentence.
3. On January 10, 1978, respondent was sentenced. A sentence of 12 months in jail was imposed on count 1 (Health & Saf. Code, § 11156). Execution of that sentence was suspended and probation was imposed, ordering respondent as a condition thereof to serve six months in jail and in addition fining him $7,500, plus penalty assessment of $1,875. Other conditions imposed are not relevant. Sentence was also imposed on counts 2 and 3, execution was suspended and appellant placed on probation. On motion of the People, in the interests of justice, counts 4 through 15 were dismissed. It is apparent that these proceedings were the result of a plea bargain, although those words do not appear in the docket.
4. On December 29, 1978, respondent filed a written motion for modification of the financial conditions of probation, to set aside the portion of the fine imposed which exceeds $500.
The basis of the motion was that under the law applicable at the time of the offense charged in count 1, the maximum penalty provided by law *Supp. 63 was $500, insofar as the fine was concerned. The People do not now dispute this.[1] The court granted the motion on that ground on April 30, 1979.
5. The material before the court at that time consisted of (a) respondent’s notice of motion for modification of conditions of probation, with its accompanying short memorandum of points and authorities setting out the argument appearing in paragraph 4, above; (b) an apparently retaliatory motion by the People to modify terms of probation to impose maximum fines under counts 2 and 3 and respondent’s written opposition thereto;[2] (c) a document by respondent entitled “reply to People’s notice of intent to vacate plea bargain” (no such “notice of intent” appearing in our file); (d) a response by the People to item (c), urging that under People v. Collins (1978) 21 Cal.3d 208 [145 Cal.Rptr. 686, 577 P.2d 1026], the People were entitled to have the plea bargain set aside, and the 12 dismissed counts reinstated, with the defendant being liable, however, only to a maximum fine of $7,500 plus penalty assessment; and (e) a declaration of former Deputy City Prosecutor Lounsbury relating the history of the plea bargain negotiations.
Discussion
The People contend, as they did in the trial court, that the teaching of People v. Collins, supra, applies here, "with the result that defendant should now face trial on the 12 dismissed counts, since the plea bargain was entered into as a result of the mistaken belief that the $7,500 fine imposed was permissible. In this respect the People refer to portions of the Lounsbury declaration detailing the negotiations. Lounsbury, who was the prosecutor originally in charge of the case, stated in opposition to the motion to reduce the fine that he “was chagrined at the lightness of the sentence” imposed, that he refused to dismiss counts 4 through 15 and *Supp. 64 that they were dismissed only after a conference in chambers in which his superior, Mr. Parkin, the then city prosecutor, agreed to dismiss the remaining counts upon respondent being sentenced under counts 1 through 3. Lounsbury concluded that if he had known the maximum permissible fine was $500 he would not have allowed respondent to plead merely to three counts.
On this appeal the People designated as the record “all documents on file with the clerk’s office in the above-referenced matter, and especially the declaration of Donald Lounsberry [sic] therein.” Respondent now argues that in the absence of a settled statement or reporter’s transcript, only the items specified in rule 183 of the California Rules of Court may be considered. We agree with this statement, but do not agree with respondent’s position. Subdivision (a) 12 of the rule expressly states that if (as is the case here) the appeal is from an order made after judgment, “the record shall include any written motion and any written notice of motion, the denial or granting of which is the order appealed from, or the entry in the minutes or docket of any such oral motion, and all minutes of the court relating to such motion.” Fairly read, the opposition to such documents must also be included. While a quite literal parsing of the quoted language and of other parts of rule 183 and rule 184 support the position asserted by respondent, it is clear that a statement on appeal (there having been no reporter) would serve no particular purpose on the facts of this case. Further, to deny consideration of the declaration opposing the motion while considering the moving paper only, would raise serious due process problems; the People no less than the defendant ought to be treated fairly. We take the Lounsbury declaration into account.
So doing, we would agree with the People, in the abstract, that the plea bargain ought to be recast in the manner undertaken by the Supreme Court in People v. Collins, supra, 21 Cal.3d 208. Thus, other things being equal, we might agree that we should order reinstatement of the dismissed 12 counts, thus restoring as much of the bargain as possible to the People, and at the same time limit respondent’s potential punishment to a maximum of $7,500 plus penalty assessment. We agree that this would do substantial justice to both parties.
But other things are decidedly not equal. Unmentioned in the initial presentation of either appellant or respondent is the recent decision of our Supreme Court in People v. Superior Court (Douglass) (1979) 24 Cal.3d 428 [155 Cal.Rptr. 704, 595 P.2d 139]. Douglass holds that a *Supp. 65 violation of Business and Professions Code section 2399.5 is not a criminal offense, basing the result on the majority’s interpretation of the legislative history involved. We, of course, are bound by that holding. The 12 dismissed counts, it will be remembered, each involved an alleged violation of section 2399.5. So, for that matter did count 3, to which respondent pleaded guilty. It would not be possible, therefore, to subject respondent to any further exposure to liability under the dismissed counts, or count 3. The same is true of count 2. Not only has the section whose violation was charged in that count (Bus. & Prof. Code, § 2361.5) been repealed (Stats. 1977, ch. 509, § 3), it is subject to the same infirmity under People v. Superior Court (Douglass), supra, 24 Cal.3d 428, 435.
In summary, it appears that respondent was allowed to enter into a plea bargain in which he gained the illusory benefit of dismissal of twelve counts which did not state a criminal offense, in exchange for pleading guilty or nolo contendere to three counts, two of which likewise did not state offenses, spending six months in jail—a sentence which has been completed—and paying a fine fifteen times greater than that permitted by the one valid count as to which a conviction occurred. The order of the trial court from which the People have appealed remedies the error as to the fine on count 1. Since respondent’s plea extended to two counts which, the Supreme Court has now taught us, did not state penal offenses, substantial justice to the respondent also requires that we order the trial court to set aside his pleas to those counts and to dismiss each of those counts.
A plea bargain is a two-way street, however. “Critical to plea bargaining is the concept of reciprocal benefits. When either the prosecution or the defendant is deprived of benefits for which it has bargained, corresponding relief will lie from concessions made. . . .” (People v. Collins, supra, 21 Cal.3d at p. 214.) After appellant’s and respondent’s briefs had been filed we asked the parties for comment as to the effect of People v. Superior Court (Douglass) (1979) supra, 24 Cal.3d 428, on our disposition of this matter. Referring to the language from Collins, which we have just quoted, the People now urge that we should allow them to amend the complaint below by adding 12 new counts to replace those which were dismissed.
With respect to the propriety of the amendment, the People relied in their reply brief, and at oral argument, exclusively on People v. Collins, supra. In that case Collins had been charged originally with 15 felony counts charging various burglaries, an attempted burglary, forcible rapes,. *Supp. 66 assaults with intent to commit rape, and forcible oral copulation. Pursuant to a plea bargain Collins pleaded guilty to one count of oral copulation; the allegations that the offense had been committed by force were stricken, and the other 14 counts were dismissed. Intervening legislation decriminalized the conduct to which Collins had pleaded guilty; the Supreme Court held that Collins could not be sentenced to prison for the offense. To achieve substantial justice for the People the court ordered that the 14 dismissed counts should be revived, limiting the defendant’s aggregate punishment under them in the event of conviction to the prison term which he would have served under the plea bargain.
In the present case the People urge that we should follow precisely the same course. They recognize that in the event new counts are charged and if respondent is convicted under any or all of them, his punishment must be limited- to fines not to exceed the aggregate sum of $7,500. They urge that while .'they chose Business and Professions Code sections 2399.5 and 2361.5 as charging vehicles for the original complaint, they could have charged a .multitude of other counts against respondent, arising out of the same conduct. The People also concede that they may not now file more than 12 additional counts against him, but state that they are not bound by their original election to use the Business and Professions Code sections “and can now amend each of the 12 counts to allege Health and Safety [Code] § 11154 (or some other appropriate criminal section encompassing Respondent’s specific criminal conduct[)]. . . .” To support the argument, the People refer us to Penal Code section 1009, which allows amendments to criminal pleadings in certain circumstances and, as noted, rely exclusively on People v. Collins, supra. In particular the People rely on footnote 2 in Collins (21 Cal.3d at pp. 215-216) which reads: “The statute of limitations will not bar prosecution on any of the dismissed counts, as the indictment may be amended pursuant to section 1009 of the Penal Code to reinstate those counts. (See In re Crumpton (1973) supra, 9 Cal.3d 463, 469; People v. Hill (1974) supra, 12 Cal.3d 731, 769; People v. Daniels (1969) 71 Cal.2d 1119, 1143 [80 Cal.Rptr. 897, 459 P.2d 225, 43 A.L.R.3d 677].) As we stated in our order to show cause in In re Zurica (Crim. 13973, June 28, 1971), the court may ‘order the accusatory pleading amended to recharge any offenses that were initially charged but the charges of which were subsequently dismissed.’ ”
It is at once apparent that there is a distinction between amending a pleading to “recharge any offenses that were initially charged” and amending the pleading to assert other offenses not initially charged, but allegedly relating to the same conduct. The People did not furnish us with *Supp. 67 the benefit of any other research, contenting themselves with the Collins footnote and their view of the righteousness of their position. Our own research has disclosed that the People’s ingenious argument may have merit, but that it also may have pitfalls.
We do not know what amendments, if any, the People will offer on remand. Therefore we do not decide the propriety of amendment in this case, leaving that question to a future day. For the guidance of the trial court, and of counsel, we simply list the following considerations, some of which may be applicable;
An intervening Supreme Court decision which renders a charging statute inapplicable, and holds that an uncharged statute is a special statute which includes the same subject matter, justifies amending a complaint to charge the special statute, since the amendment corrects a defect in the original complaint and does not charge an offense not attempted to be charged by the original complaint. Thus, the statute of limitations was not a bar. (Patterson v. Municipal Court (1971) 17 Cal.App.3d 84 [94 Cal.Rptr. 449].) On the other hand, an information may not be amended to insert, after the statute of limitations has run, a charge which is not a necessarily included offense, even though it relates to the same conduct as was originally charged, and even though the amendment follows the upsetting of a plea bargain which went awry. (People v. Chapman (1975) 47 Cal.App.3d 597, 602-606 [121 Cal.Rptr. 315].)
Other decisions of more tangential relevance touch upon the propriety of amending criminal pleadings when statute of limitation questions are involved: e.g., People v. Morgan (1977) 75 Cal.App.3d 32 [141 Cal.Rptr. 863] (propriety of filing new or amended information to allege tolling of statute of limitations caused by defendant’s absence from state); In re McCartney (1966) 64 Cal.2d 830 [51 Cal.Rptr. 894, 415 P.2d 782] (conviction of lesser included offense proper on second retrial, even though statute of limitations had then run, when original complaint charging greater offense was filed within the statutory period); People v. Rose (1972) 28 Cal.App.3d 415, 418 [104 Cal.Rptr. 702] (conviction of lesser included offense not proper, when indictment charging greater offense was filed after the expiration of the statutory period relating to the lesser offense, but prosecution “should, of course, be permitted to amend the accusatory pleading if it can”); In re Davis (1936) 13 Cal.App.2d 109 [56 P.2d 302] (amendment changing dates of alleged offenses does not have the forbidden effect of charging new offenses when both the original *Supp. 68 and amended counts charged the defendant with similar acts of incest upon the same individual); People v. Cancimilla (1961) 197 Cal.App.2d 242, 252 [17 Cal.Rptr. 498] (§ 1009 of Pen. Code does not permit a new offense to be charged); People v. Lilliock (1968) 265 Cal.App.2d 419, 430 [71 Cal.Rptr. 434] (where second information charging murder is filed more than three years after the event any other felonies shown by the evidence would be barred by statute of limitations).
In listing these decisions we do not hold that all or any of them are necessarily applicable, nor do we intimate that there are not other principles of law which may come into play. They will, however, enable the trial court to analyze whatever problems be presented to it by a People’s motion to amend more readily than would a mere citation to People v. Collins, supra, 21 Cal.3d 208.
The order appealed from is affirmed. The trial court is directed to vacate respondent’s plea of guilty to count 3 and his plea of nolo contendere to count 2 and to dismiss each of said counts. The cause is remanded for further proceedings in accordance with the views expressed herein.
Dowds, J., and Saeta, J., concurred.

 As of the date of the offense charged in count 1 Health and Safety Code section 11371 provided that a violation of section 11156 of that code was punishable by not exceeding six years in state prison or one year in county jail. No provision was made for a fine. Since the instant matter was filed as a misdemeanor under Penal Code section 17, the maximum fine was $500 (Pen. Code, §§ 19 and 672). At the time the trial court sentenced respondent in this case, Health and Safety Code section 11371 had been amended to provide that in addition to imprisonment or jail, a fine not exceeding $20,000 could be imposed for violating section 11156 of that code. This amendment, however, did not go into effect until July 1, 1977, and the offense charged in count 1 occurred on or about . February 2, 1977. (Stats. 1976, ch. 1139, §§ 80.5 and 349.5.)

 The docket shows that the court denied this motion. The People have not appealed from the denial, but rather from the order of the trial court granting respondent’s motion to reduce the fine.