[Crim. No. 20834. Dec. 10, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
NICK RAMON VELASQUEZ, Defendant and Appellant.

**OPINION**

**THE COURT.**—The Supreme Court of the United States on June 30, 1980, issued its order and judgment that "the judgment of the... Supreme Court [of California] in this cause is vacated, and that cause is remanded to the Supreme Court of California for further consideration in light of *Adams* v. *Texas*, 448 U.S. 38 (1980)."

Pursuant to this mandate we have reexamined our opinion in this case (reported at 26 Cal.3d 425 [162 Cal.Rptr. 306, 606 P.2d 341]) in

light of *Adams* v. *Texas*. Our opinion rests upon the conclusion that juror Rundee was improperly excluded from the jury under the standard established in *Witherspoon* v. *Illinois* (1968) 391 U.S. 510, 522, footnote 21 [20 L.Ed.2d 776, 785, 88 S.Ct. 1770], that a juror may be excluded only if it is "'unmistakably clear'" that he or she "'would automatically vote against the imposition of capital punishment without regard to any evidence that might be developed at the trial.'" *Adams* v. *Texas, supra*, 448 U.S. 38, 44 [65 L.Ed.2d 581, 589, 100 S.Ct. 2521] does not alter this conclusion. Inasmuch as we conclude that it is unnecessary to alter our prior opinion, we reiterate it in its entirety.

Respondent's petition for a rehearing was denied January 22, 1981.