[No. A040833. First Dist., Div. Two. May 24, 1988.]

MARVIN HARRIS, Petitioner, v.
THE SUPERIOR COURT OF CONTRA COSTA COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

William Everett Glass and Glass & Kramer for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Dane R. Gillette and Landra E. Rosenthal, Deputy Attorneys General, for Real Party in Interest.

**OPINION**

**BENSON, J.**—Petitioner Marvin Harris seeks a writ of mandate to compel respondent superior court to vacate its order denying petitioner's motion to

strike the special circumstances alleged pursuant to Penal Code section 190.2, subdivisions (a)(17)(i) and (ii).[1]

On June 10, 1981, a verified information was filed charging petitioner with the murder of June Azevedo on January 19, 1981. (Pen. Code, § 187.) The information also specially alleged that the murder occurred during the commission of a robbery in violation of section 211 and a kidnapping in violation of sections 207 and 209. The information contained no charges of the substantive offenses of robbery and/or kidnapping.

On January 16, 1984, a jury found petitioner guilty of murder and found the special circumstances true. Petitioner's conviction was reversed by this court on June 16, 1987. (*People* v. *Harris* (1987) 192 Cal.App.3d 943 [237 Cal.Rptr. 747].)

On November 16, 1987, petitioner moved to strike the special circumstance allegations in the information on the grounds that the statute of limitations had run on the underlying felonies. Real party then filed its opposition to petitioner's motion and at the same time asked leave to file an amended information which charged the underlying felonies as separate substantive counts. Following a hearing on the matter, respondent court issued an order denying petitioner's motion and granting the People's motion to file an amended information. This petition followed.

*Amendment of Information*

■ Petitioner first maintains that the district attorney may not amend the information to allege felonies as separate substantive counts which are barred by the statute of limitations. We agree.

Section 1009[2] provides that the district attorney can amend the charges originally filed at any time, including "on remand after reversal." (*People* v. *Chadd* (1981) 28 Cal.3d 739, 758 [170 Cal.Rptr. 798, 621 P.2d 837].) However, when amending an information, a critical inquiry must be made: is the amendment to correct a defect or insufficiency in the original complaint or is the amendment to charge an offense not attempted to be charged by the original complaint? "If the amendment falls in the former category, it

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

[2] Section 1009 states in pertinent part: "The court in which an action is pending may order or permit an amendment of an indictment, accusation or information, or the filing of an amended complaint, for any defect or insufficiency, at any stage of the proceedings, . . . A complaint cannot be amended to charge an offense not attempted to be charged by the original complaint, except that separate counts may be added which might properly have been joined in the original complaint."

relates back to the date of the original filing of the information and has the effect of tolling the running of the statute of limitations from the date of the filing of the original information. [Citation.] If the amendment falls in the latter category, the . . . statute of limitations on the charges has run" (*Patterson* v. *Municipal Court* (1971) 17 Cal.App.3d 84, 88 [94 Cal.Rptr. 449]) and the charges are barred. Consequently, case law has held that after the statute of limitations has run, an information may not be amended to insert a charge which is not a necessarily included offense, even though it relates to the same conduct as was originally charged. (*People* v. *Chapman* (1975) 47 Cal.App.3d 597, 602-606 [121 Cal.Rptr. 315]; *People* v. *McKay* (1979) 97 Cal.App.3d Supp. 59, 67 [159 Cal.Rptr. 174].)

Real party relies on *People* v. *Chadd, supra,* 28 Cal.3d at page 758, for the proposition that when a reviewing court reverses a judgment and remands the case the parties may amend the pleadings. However, its reliance on *Chadd* is misplaced. In *Chadd,* the court permitted amendment to add allegations tolling the statute of limitations, since such allegations did not change the offense charged.

In the instant case, the prosecution is attempting to charge wholly new counts, which, although possibly related to the same conduct as was originally charged, are not necessarily included offenses. Defendant was never charged with the substantive offenses of robbery and/or kidnapping in the original information. Since the statute of limitations has run on violations of sections 211 and 207, no amendment to permit the charging of those offenses may be permitted now.

*Amendment to Allege Violation of Section 209*

■ Section 799 provides that there is no time within which a violation of section 209 (kidnapping for the purpose of robbery) must be brought. However, petitioner asserts that the information cannot be amended to allege a section 209 violation because he was acquitted of this charge. The assertion is based on the theory that one of the two special circumstances alleged was that the murder was committed during the commission of a kidnapping in violation of sections 207 and 209. The verdict of the jury included a finding that the murder had been committed during the commission of a robbery and a separate finding that the murder had been committed during the commission of a kidnapping. There was no separate finding that the murder had been committed during the commission of a kidnapping for the purpose of robbery. Petitioner claims that the failure to make such a finding indicates the jury impliedly found that the murder was not committed during a kidnapping for the purpose of robbery. He then maintains that retrial of special circumstances based on a violation of section 209

is barred by principles of double jeopardy. (See *People* v. *McDonald* (1984) 37 Cal.3d 351, 378-379 [208 Cal.Rptr. 236, 690 P.2d 709, 46 A.L.R.4th 1011].) The record fails to support petitioner's claim.

Both the original complaint and information charged petitioner with murder during the commission of a kidnapping in violation of sections 207 and 209. The jury was instructed that to find the kidnapping special circumstance true, it must be proved that the murder was committed while the defendant was in the process of committing a "kidnapping to commit robbery." In addition, the jury was instructed on the elements of section 209 kidnapping, and then told that the kidnapping special circumstance could be sustained only if the kidnapping to commit robbery was for a purpose other than to facilitate the murder. There was no instruction of simple kidnapping as a lesser included offense, nor was such an instruction requested. Thereafter, the jury found that the murder was committed during the commission of a kidnapping in violation of section 209. This verdict cannot be deemed ambiguous in view of the fact that the aggravated kidnapping was the only choice given to the jury with respect to the kidnapping special circumstance.

*Special Circumstance Allegations*

■ Having disposed of petitioner's argument that the special circumstance allegation based upon kidnapping for the purpose of robbery is barred by double jeopardy, we must now consider whether special circumstance allegations based upon robbery and simple kidnapping must be striken due to the fact that the statute of limitations has run on the underlying felonies. Relying primarily on section 190.4 and *People* v. *Superior Court (Jennings)* (1986) 183 Cal.App.3d 636 [228 Cal.Rptr. 357], petitioner asserts that where the statute has run on the underlying felony, no special circumstance based upon that felony may be alleged. While this proposition is generally correct, it has no application under the circumstances of this case.

Section 190.4 provides in relevant part that "[w]herever a special circumstance requires proof of the commission or attempted commission of a crime, such crime shall be charged and proved pursuant to the general law applying to the trial and conviction of the crime." On the basis of this statute, our Supreme Court has recognized that when a felony-based special circumstance is alleged, the substantive felony must be independently charged and proved. (*People* v. *Robertson* (1982) 33 Cal.3d 21, 47 [188 Cal.Rptr. 77, 655 P.2d 279]; *People* v. *Velasquez* (1980) 26 Cal.3d 425, 434, fn. 6 [162 Cal.Rptr. 306, 606 P.2d 341], judgment vacated and cause remanded (1980) 448 U.S. 903 [65 L.Ed.2d 1132, 100 S.Ct. 3042], reiterated

(1980) 28 Cal.3d 461.) However, the Supreme Court also has held that no prejudice appears where there is a failure to separately charge the underlying felony, since the information notifies the defendant that he must defend against the special circumstances of a murder committed during the commission of a specified felony. (*People* v. *Robertson, supra,* 33 Cal.3d at pp. 47-48; *People* v. *Velasquez, supra,* 26 Cal.3d at p. 434, fn. 6.)

In *People* v. *Superior Court (Jennings), supra,* 183 Cal.App.3d 636, defendants were charged with murder with felony-based special circumstance allegations (count I), robbery (count II) and burglary (count III). However, by the time the information was filed, the statute of limitations had expired for prosecution of the robbery and burglary counts. The defendants demurred to the complaint on the ground that the three-year statute of limitations had run on the substantive charges of robbery and burglary and therefore on the special circumstances allegations as well. The Court of Appeal agreed, stating: "Where, as here, the running of the statute of limitations deprives the court of any power to proceed in the case as to the underlying felonies, and any conviction on those felonies would be invalid and subject to attack, it seems clear that those crimes cannot be 'charged and proved pursuant to the general law applying to the trial and conviction of the crime[s]' as required by section 190.4, subdivision (a)." (*Id.* at p. 644.)

There is a significant difference between *Jennings* and the case at bench. Whereas in *Jennings* the statute of limitations had run on the underlying felonies at the time the information was filed, here the special circumstance allegations were timely. ■ ■■ ■■ ■ Section 803, subdivision (b)[3] states that "[n]o time during which prosecution of the same person for the same conduct is pending in a court of this state is a part of a limitation of time prescribed in this chapter." Accordingly, the statute of limitations was tolled, at least with respect to the special circumstance allegations in this case, when the original information was filed.

This leaves us with the anomalous situation that the charges for the underlying offenses of robbery and simple kidnapping are time barred whereas special circumstance allegations based upon those felonies are not. However, as our high court has held that the failure to separately charge the underlying felony when a felony-based special circumstance is alleged is not prejudicial, the instant action may proceed in the absence of separate counts for robbery and kidnapping. Petitioner was notified that he had to defend

---

[3] Neither section 803, subdivision (b), nor its predecessor statute former section 802.5 had been enacted at the time of the commission of petitioner's offense. However, the application of these statutes to crimes committed before their enactment but prior to expiration of the three-year statute does not violate the constitutional prohibition against ex post facto laws. (*People* v. *Sample* (1984) 161 Cal.App.3d 1053, 1057 [208 Cal.Rptr. 318].)

against these special circumstance allegations before the statute had run on the underlying felonies. Thus, he is not prejudiced by having to face retrial with the same charges.

Let a peremptory writ of mandate issue directing the respondent superior court to vacate that portion of its order permitting the district attorney to amend the information to add counts charging substantive offenses based upon violations of sections 211 and 207. In all other respects the petition is denied.

Kline, P. J., and Rouse, J., concurred.