Joseph W. HIGGINS,
Petitioner/Appellant,

v.

The PEOPLE of the State of Colorado
and the Undersheriff David Wooley,
Respondents/Appellees.

No. 93SA75.

Supreme Court of Colorado.

Jan. 10, 1994.

Rehearing Denied Jan. 31, 1994.

Joseph W. Higgins, pro se.

Stephen K. ErkenBrack, Dist. Atty., Thomas M. Deister, Asst. Dist. Atty., Grand Junction, for respondents/appellees.

Chief Justice ROVIRA delivered the Opinion of the Court.

Joseph W. Higgins (Higgins) appeals the trial court's order denying his petition for writ of habeas corpus. We affirm.

I

On July 2, 1990, the People filed a felony complaint in case No. 90F416 in the county court of Mesa County, charging Higgins with an October 1989 theft.[1] On December 23, 1992, the People filed an amended complaint in case No. 92CR685.[2] Subsequently, Higgins filed a petition for writ of habeas corpus in the district court, claiming that the People are barred by the applicable statute of limitations from prosecuting the theft charge, and therefore, his detention is illegal. The trial court denied his petition, finding that neither the original complaint nor the amended complaint was barred by the statute of limitations because "the origi-

nal complaint was filed July 2, 1990, well within the limitations period," and "[t]he only difference between the original and amended complaints is the addition of three alleged victims." Higgins appealed to the court of appeals, and jurisdiction was transferred to and accepted by this court pursuant to section 13–4–110(1)(a), 6A C.R.S. (1987).[3]

II

Higgins advances two arguments to support his claim that the trial court erred in denying his petition for writ of habeas corpus.[4] He initially argues that since the original felony complaint was filed November 23, 1992, over three years after the alleged theft for which he is being charged, the prosecution is barred by the three-year statute of limitations period.

While it is true that the statute of limitations period for felony theft is three years, see § 16–5–401(1)(a), 8A C.R.S. (1986 & 1993 Supp.), Higgins is incorrect in claiming that the original felony complaint was filed in November of 1992. His confusion arises from a copy of the original felony complaint that is date-stamped November 23, 1992. This copy, however, appears in the civil habeas corpus file. Upon examining the criminal file, it is apparent that the felony complaint was filed July 2, 1990, well within the three-year statute of limitations period, and therefore, it is not time-barred.

Higgins also argues that even if the original felony complaint was filed in July 1990, the statute of limitations would not be tolled at that point because the statute refers only to the filing of an "indictment," "information," or a "complaint" and that a "felony complaint" is not a "complaint" under the statute. Thus, since the felony complaint did not toll the statute of limitations, the limita-

---

1. § 18–4–401, 8B C.R.S. (1986 & 1993 Supp.).

2. The People's brief indicates, and Higgins does not dispute, that probable cause was found in case No. 90F416 and the case was bound over to the district court for trial and assigned case No. 92CR685.

3. The court of appeals does not have jurisdiction over writs of habeas corpus. See § 13–4–102(1)(e), 6A C.R.S. (1987).

4. A trial court may dismiss a petition for writ of habeas corpus if it is clear from the petition that the petitioner is not entitled to be discharged. See § 13–45–101(1), 6A C.R.S. (1987).

tions period has expired and the People are barred from prosecuting the theft charge.

Section 16–5–401(1)(a) provides:

Except as otherwise provided by statute applicable to specific offenses or circumstances, no person shall be prosecuted, tried, or punished for any offense unless the indictment, information, or complaint is filed in a court of competent jurisdiction or a summons and complaint or penalty assessment notice is served upon the defendant within the period of time after the commission of the offense as specified below:

. . . .

Other felonies [theft]: Three years[.]

§ 16–5–401(1)(a), 8A C.R.S. (1993 Supp.).

▪ When construing a statute, we presume that the legislature intends a just and reasonable result that favors the public interest over any private interest. *Allen v. Charnes*, 674 P.2d 378, 381 (Colo.1984). Consequently, we will not construe a statute either to defeat the legislative intent or to lead to an absurd or illogical result. *See Ingram v. Cooper*, 698 P.2d 1314, 1315 (Colo. 1985).

▪ We believe that a plain reading of the definitions of "complaint" and "felony complaint" supports a construction which integrates the two terms for purposes of the statute of limitations and leads to a just and reasonable result. A complaint is defined as "a written statement charging the commission of a crime by an alleged offender, filed in the county court." § 16–1–104(7), 8A C.R.S. (1986); Crim.P. 4.1(a)(1). A felony complaint is "a written statement of the essential facts constituting the offense charged [that] shall be made upon oath before any person authorized to administer oaths within the State of Colorado." § 16–1–104(10), 8A C.R.S. (1986); Crim.P. 3(a). In addition, the filing of a felony complaint in county court is sufficient to commence a criminal action.[5] § 16–5–101(1)(c), 8A C.R.S. (1986); *see also People v. Abbott*, 638 P.2d 781, 784 (Colo. 1981) (filing a felony complaint is one of several ways to initiate felony proceedings). Therefore, once a felony complaint is filed in county court to initiate felony proceedings, there is little difference between the definitions of the two terms. Indeed, if there is any difference, it is that a felony complaint requires more information than a complaint. We fail to see why a complaint is sufficient to toll the statute of limitations, but a felony complaint, which requires more information, as well as a sworn oath, would be insufficient to toll the statute of limitations. Thus, we believe a fair reading of the term "complaint" in section 16–5–401, includes a felony complaint that has been filed in a county court to commence felony criminal proceedings.[6]

▪ Finally, our decision is bolstered further by examining the purposes of a limitations statute. In a criminal case, the purpose of such a statute is to protect individuals from defending themselves against stale criminal charges, *United States v. Ewell*, 383 U.S. 116, 122, 86 S.Ct. 773, 777, 15 L.Ed.2d 627 (1966), to prevent punishment for acts committed in the remote past, *Toussie v. United States*, 397 U.S. 112, 115, 90 S.Ct. 858, 860, 25 L.Ed.2d 156 (1970), and "to insure that the accused will be informed of the decision to prosecute and the general nature of the charge with sufficient promptness to allow him to prepare his defense before evidence of his innocence becomes weakened with age." Wayne R. LaFave & Jerold H. Israel, 2 *Criminal Procedure* § 18.5(a) (1984) (quoting Model Penal Code § 1.07 cmt. at 24–25 (Tentative Draft No. 5, 1956)).

In this case, the felony complaint clearly established the basis of the felony charges against Higgins for an alleged crime that cannot be characterized as occurring in the

---

**5.** A criminal action also may be initiated by the return of an indictment by a grand jury or the filing of an information in a district court. *See* § 16–5–101(1)(a)–(b), 8A C.R.S. (1986).

**6.** It defies common sense to believe that the legislature intended that the People properly could commence criminal proceedings by filing a

felony complaint, yet not be able to toll the statute of limitations by the same action. *See People v. Norman*, 150 Misc.2d 583, 569 N.Y.S.2d 573, 574 (N.Y.Crim.Ct.1991) (court held filing of felony complaint commenced criminal case and, once commenced, no violation of the statute of limitations may be found).

"remote" past. Further, it was filed well within the three-year statute of limitations period giving Higgins both adequate notice of the charges against him, as well as time to prepare a defense.[7] *Cf. People v. Pratt,* 759 P.2d 676, 688 (Colo.1988) (an information is sufficient if it advises the defendant of the charges he is facing).

We do not believe our holding is inconsistent with *People v. Abbott,* 638 P.2d 781 (Colo.1981). In that case, we determined that "complaint" in section 18–5–205(4), 8 C.R.S. (1978), does not include "felony complaint." In *Abbott,* the defendant challenged the constitutionality of the fraud-by-check statute, section 18–5–205, 8 C.R.S. (1978).[8] A subsection of that statute stated: "Any person having acquired rights with respect to a check which is not paid because the drawer has insufficient funds shall have *standing to file a complaint* under this section, whether or not he is the payee, holder, or bearer of the check." § 18–5–205(4) (emphasis added). At the time of the defendant's challenge, the statute indicated that fraud by check in an amount less than $200 was a misdemeanor, but was a felony if over $200. *See* § 18–5–205(3)(a)–(c), 8 C.R.S. (1978). The defendant wrote a $620 check which was returned for insufficient funds. The injured party's attorney initiated criminal proceedings by filing a felony complaint against the defendant. The defendant argued that the attorney lacked standing under section 18–5–205(4), to file the felony complaint because he had no personal rights in the fraudulent check. The court rejected this argument, noting that under the Colorado Rules of Criminal Procedure a "complaint" is used to initiate misdemeanor proceedings, whereas a "felony complaint" is used to initiate felony proceedings. The court concluded that "these distinctions indicate that section 18–5–205(4) refers only to those persons who may file a complaint for petty offense or misdemeanor fraud by check and not to felony fraud by check, which is commenced by filing of a felony complaint." *Abbott,* 638 P.2d at 784. The *Abbott* court limited its holding to section 18–5–205(4), and only discussed the issue of who had standing to file either a complaint or a felony complaint under section 18–5–205. Thus, the holding in *Abbott* is tied to the unique provisions of section 18–5–205. The *Abbott* court did not hold that the filing of a felony complaint is insufficient to toll the statute of limitations, indeed, the issue of the statute of limitations was neither raised nor discussed. Rather, the *Abbott* decision strove to give effect to the language of section 18–5–205 as well as the Rules of Criminal Procedure; whereas, in this case, our decision is tailored to the objectives of the statute of limitations as discussed above.

■ Accordingly, upon the filing of the felony complaint on July 2, 1990, the statute of limitations was tolled and the People are not time-barred from prosecuting Higgins.

### III

Though Higgins primarily argues the original felony complaint did not toll the statute of limitations, he also implies that the amended complaint is barred by the statute of limitations. We disagree.

The People amended the original felony complaint to include three additional victims. It is undisputed that the amended complaint was filed outside the three-year statute of limitations period. The trial court found, however, that the amended complaint was not time-barred because the original complaint was filed within the appropriate time.

7. The felony complaint filed against Higgins provided:

> That on or between October 12, 1989, and October 14, 1989, in the County of Mesa and State of Colorado, Joseph Wilkerson Higgins did unlawfully, feloniously and knowingly commit the crime of theft by unlawfully taking a thing of value, to-wit: lawful currency of the United States of America, travel tickets and hotel services, value Three Hundred ($300.00) Dollars or more but less than Ten Thousand ($10,000.00) Dollars, with the intent to deprive the Grand Junction Hilton, Delta Airlines, Inc., VISA and American Express credit card corporations, permanently of the use or benefit of the thing of value; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Colorado.

8. The 1978 version of the statute is substantially similar to the current version. *See* § 18–5–205, 8B C.R.S. (1986 & 1993 Supp.).

It is well established that Colorado has a liberal policy regarding the amendment of charging documents in the absence of any prejudice to the defendant. *See* Crim.P. 7(e) (information may be amended any time prior to trial if defendant's rights are not prejudiced); *see also* Crim.P. 6.8 (amendment of indictments). This policy has been extended to the amendment of complaints, *see People v. Hertz,* 196 Colo. 259, 260, 586 P.2d 5, 6 (1978), and felony complaints. *See People v. Hodge,* 694 P.2d 1277, 1280 (Colo.App.1984). In determining whether an amendment to a charging document filed after the statute of limitations period is time-barred or valid, it is important to distinguish between amendments that charge a new or additional offense and amendments that merely correct a defect or insufficiency in the original document. *See Rubin v. State,* 390 So.2d 322, 324 (Fla.1980); *Harris v. Superior Court,* 201 Cal.App.3d 624, 247 Cal.Rptr. 620, 621 (1988). In a situation where the amendment merely corrects a defect or insufficiency in the original complaint, the defendant suffers no prejudice; therefore, the amendment relates back to the date of the original filing and is not barred by the statute of limitations. *Harris,* 247 Cal.Rptr. at 621. Conversely, if the amendment charges a new or additional crime, the amended document is barred by the statute of limitations. *Id.*

In this case, the amended complaint does not charge Higgins with any new or additional crimes; rather, the amendment simply remedies an insufficient list of victims in the original complaint.[9] Because the amended complaint does not prejudice Higgins, it relates back to the date of the filing of the original felony complaint and is not time-barred.

It is apparent that Higgins is not being confined illegally; therefore, we affirm the trial court's order denying Higgins' petition for writ of habeas corpus.

---

9. There were no new counts added for the additional victims.