The PEOPLE of the State of colorado, Plaintiff–Appellee,

v.

Larry NICHOLS, Defendant–Appellant.

No. 04CA1864.

Colorado Court of Appeals, Div. IV.

March 9, 2006.

Certiorari Denied July 31, 2006.

John W. Suthers, Attorney General, Christine C. Brady, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Todd E. Mair, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

VOGT, J.

Defendant, Larry Nichols, appeals the trial court judgment entered upon revocation of

his deferred judgment and sentence. We affirm.

In April 2003, defendant pled guilty to theft, a class four felony, in exchange for a one-year deferred judgment and sentence. The plea agreement provided, as relevant here, that defendant would be placed on unsupervised probation for one year; that he would pay restitution to the victim in the amount of $658.83; that he would not commit another offense during the period of supervision; that he would not leave the state without written permission from the district attorney's office; and that he would appear for payment review hearings.

In October 2003, the prosecution filed two complaints and an amended complaint seeking to revoke defendant's probation and the deferred judgment and sentence. The prosecution alleged that defendant had failed to pay restitution, had committed another offense, and had failed to appear at a scheduled payment review hearing. However, defendant's failure to appear was explained, and the other criminal charges were dismissed. Further review hearings were set to address payment of restitution.

At a hearing on March 5, 2004, defense counsel advised the court that defendant had paid the restitution amount by check, and he asked the court to set the matter for one final "paper review" "to make sure that the check clears." Following a discussion among counsel and the court regarding defendant's potential responsibility for payment of court costs and other sums in addition to restitution, the court set an additional hearing for May 10, 2004. Defendant did not object.

When defendant did not appear on May 10, the trial court issued a bench warrant, but, based on counsel's representation that defendant's car had broken down, stayed the warrant and rescheduled the hearing for May 17. On May 17, defendant again did not appear, and the prosecutor advised the court that defendant's check for payment of restitution had not cleared. The court again issued a bench warrant for defendant's arrest.

On July 13, 2004, the prosecutor filed a second amended complaint to revoke defendant's deferred judgment and probation. The complaint alleged that defendant still had not paid restitution, and that he had breached other conditions of the plea agreement by failing to appear on May 10 and by leaving the state without written permission from the district attorney's office. In support of the latter contention, the prosecution attached a pretrial release services bond report showing that defendant had been extradited from New Mexico following his arrest there on June 25, 2004.

A hearing on the complaint was held on July 29, 2004. The prosecutor called defendant as a witness, but defendant exercised his Fifth Amendment right to decline to answer questions. Defense counsel advised the court that a new check for the amount of restitution and other costs had cleared, and she argued that the court lacked jurisdiction over the additional allegations in the second amended complaint. The trial court concluded that it had jurisdiction, found that the allegations had been proved, directed the entry of judgment of conviction on the theft charge, and sentenced defendant to the fifty-one days in jail that he had already served. This appeal followed.

I.

Defendant contends the trial court lacked jurisdiction to revoke his deferred judgment because the prosecution's second amended complaint was not filed until after his one-year deferred judgment term expired, and it was based on violations that occurred after expiration of the one-year term. We disagree.

With the written consent of the defendant, defense counsel, and the district attorney, a court accepting a felony guilty plea is statutorily empowered to continue the case for a period not to exceed four years, without entering judgment and imposing sentence. Upon full compliance by the defendant with the conditions to which he or she stipulated in such a deferred sentencing agreement, the defendant's guilty plea must be withdrawn and the charges dismissed with prejudice. However, upon breach of any condition by the defendant, the court must enter judgment on the plea and impose sentence. A breach may be determined only by the court,

upon application by the district attorney or a probation officer within the term of the deferred judgment or within thirty days thereafter. *People v. Simonds*, 113 P.3d 762 (Colo.2005); *see* § 18–1.3–102, C.R.S.2005.

■ Although a court lacks jurisdiction to rule on a revocation application filed beyond the time permitted by § 18–1.3–102(2), C.R.S.2005, the time limitation on revocation is tolled where the state initiates revocation proceedings before expiration of the deferred judgment term. *People v. Guerrero*, 26 P.3d 537 (Colo.App.2001); *People v. Peretsky*, 44 Colo.App. 270, 616 P.2d 170 (1980); *see People v. Simonds, supra* (where initial application to revoke deferred judgment and probation was timely filed, district court did not lack jurisdiction to enter judgment and sentence despite fourteen-month delay and expiration of original deferral period); *see also People v. Galvin*, 961 P.2d 1137 (Colo.App.1997)(although district court loses jurisdiction over probationer after term of probation has expired, expiration of probationary term is tolled by initiation of revocation proceedings).

■ Moreover, the court has discretion to extend the deferral period, subject to the time limitation in § 18–1.3–102, in order to give the defendant additional time to pay restitution. During the extension period the court may place the defendant under the supervision of the probation department. *See* § 18–1.3–102(1), C.R.S.2005; *People v. Blackorby*, 41 Colo.App. 251, 583 P.2d 949 (1978).

■ Here, the district attorney initiated revocation proceedings within the original one-year deferred judgment period, and defendant had not paid restitution as of April 2, 2004, when that one-year period ended. However, rather than granting the prosecution's previously filed revocation complaint at that time, the trial court in effect extended the deferred judgment and probation periods, with the consent of both counsel, in order to give defendant additional time to pay. During that extended term, however, defendant did not appear for a scheduled hearing, left the jurisdiction, and still did not pay the restitution obligation.

In these circumstances, the prosecution could properly amend its prior complaint to reallege nonpayment of restitution and allege the additional violations—failure to appear, and leaving the state without consent—committed by defendant during the extended term, and the trial court had jurisdiction to rule on the amended complaint.

We do not agree with defendant that *Higgins v. People*, 868 P.2d 371 (Colo.1994), requires a different result. *Higgins* addresses the relation back of amendments to original felony complaints and holds that such charging documents may not be amended to charge new crimes after the statute of limitations has run. We are aware of no authority applying the *Higgins* rule to amendments to applications for revocation of probation or deferred judgment. Proceedings to revoke deferred judgment or probation for violation of the terms do not implicate the concerns about surprise or prejudice that are present when a charging document is amended to add new offenses. Further, applying the *Higgins* rule would be particularly inappropriate in circumstances where, as here, the amended complaint referred to new violations that in fact occurred within the extended deferred judgment term.

## II.

Defendant further contends that revocation of his deferred judgment was improper because it was not supported by any competent evidence. Again, we disagree.

■ Upon the prosecution's application for revocation of a deferred judgment based on breach of any of its conditions, the defendant is entitled to a hearing, at which the prosecution must prove the allegations by a preponderance of the evidence. *People v. Simonds, supra.*

■ Proceedings to revoke deferred judgments are conducted according to the procedure used to revoke probation. In revocation proceedings, a probationer is not entitled to the full range of constitutional guarantees available to one not yet convicted of a crime. Thus, the court is not bound by strict rules of evidence, and hearsay evidence is admissible.

Further, the defendant's due process right to confront and cross-examine witnesses is satisfied by subjecting the prosecution's witnesses to cross-examination about proffered hearsay and affording the defendant an opportunity to present witnesses and testify in his or her own behalf. *People v. Manzanares*, 85 P.3d 604 (Colo.App.2003).

While a defendant may invoke his or her Fifth Amendment privilege to refuse to answer incriminatory questions at a revocation hearing, the refusal to answer may be used against the defendant to revoke probation. *Byrd v. People*, 58 P.3d 50 (Colo.2002).

A court may take judicial notice of its own records. *See Kostal v. People*, 167 Colo. 317, 447 P.2d 536 (1968); *People in Interest of O.J.S.*, 844 P.2d 1230 (Colo.App.1992), *aff'd sub nom. D.A.S. v. People*, 863 P.2d 291 (Colo.1993).

Here, the trial court stated in its bench ruling that review of its own files indicated that (1) appearance for payment review hearings was a mandatory condition of defendant's plea agreement, and (2) defendant had not appeared for the May 10, 2004, review hearing. The court could properly rely on these records in determining that the prosecution had proved, by a preponderance of the evidence, that defendant violated a condition of the deferred judgment and sentence by failing to appear. Further, although defendant argues that the revocation should not be based on his failure to appear at the May 10 hearing because that failure was "excusable due to car trouble," we note that defendant again failed to appear when the May 10 hearing was continued to May 17 because of his asserted car trouble.

Once the prosecution established this violation, the trial court was required to grant the revocation complaint. *See People v. Simonds, supra*, 113 P.3d at 764 ("Upon breach of any condition by the defendant ... the court must enter judgment on the plea and impose sentence."). Therefore, we need not address defendant's contentions regarding the additional allegation that he had left the state.

The judgment is affirmed.

Judge CASEBOLT and Judge FURMAN concur.