Filed 12/2/15; pub. order 12/10/15 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

JERMAINE KING,

    Defendant and Appellant.

B261784

(Los Angeles County
Super. Ct. No. YA088292)

APPEAL from an order of the Superior Court of Los Angeles County. Steven R. Van Sicklen, Judge. Affirmed.

Melissa L. Camacho-Cheung, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Zee Rodriguez and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Jermaine King (defendant) appeals from an order denying his petition for resentencing under the provisions of Proposition 47 which reduce some felony theft offenses to misdemeanors. We conclude that defendant's conviction was not for a qualifying offense, and we affirm the denial of his petition.

## BACKGROUND

In June 2014, defendant was convicted following a plea of nolo contendere to the grand theft violation of Penal Code section 484e, subdivision (d)[1] as charged in count 1 of an amended information. In addition defendant admitted he had suffered a prior serious or violent felony conviction pursuant to the "Three Strikes" law (§§ 1170.12, subd. (b), 667, subd. (b)-(j)). As part of the plea agreement the trial court struck the prior conviction allegation, and on July 28, 2014, the court sentenced defendant to three years in prison. Preliminary hearing testimony established that defendant attempted to purchase an iPad with a debit or credit card which had been issued to others.

Following the November 2014 passage of Proposition 47, defendant (in pro. per.) filed a petition for recall of his sentence and reduction of his conviction to a misdemeanor under section 1170.18. The trial court found that a violation of section 484e, subdivision (d) did not qualify for recall of sentence under the statute, and denied the petition without a hearing. In January 2015, defendant (represented by counsel) filed a motion for reconsideration, and requested a hearing on the matter. On January 22, 2015, the trial court considered the renewed motion, heard the argument of counsel, and again denied the petition. Defendant filed a timely notice of appeal of the trial court's order.

## DISCUSSION

Defendant contends that the trial court erred in denying his petition for resentencing under Proposition 47, and that this court should hold, that a conviction under section 484e, subdivision (d) qualifies for resentencing as a misdemeanor.[2]

---

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

[2]     We are aided in our analysis by the recent cases of *People v. Cuen* (2015) 241 Cal.App.4th 1227, *People v. Grayson* (2015) 241 Cal.App.4th 454, and *People v.*

Our primary task in construing a statute is to determine the intent of the lawmakers. (*People v. Jones* (1993) 5 Cal.4th 1142, 1146.) "'To determine intent, "'The court turns first to the words themselves for the answer.'" [Citations.] "If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute) or of the voters (in the case of a provision adopted by the voters)." [Citation.]' [Citation.]" (*Ibid.*) If possible, significance should be given to every word, phrase, and sentence, construed in context, keeping in mind the statutory purpose, and harmonizing the particular provision in the context of the statutory framework as a whole. (*Palos Verdes Faculty Ass'n v. Palos Verdes Peninsula Unified School District* (1978) 21 Cal.3d 650, 658-659.)

Proposition 47 enacted section 1170.18, which provides in subdivision (a) as follows:

> "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."

Defendant contends that section 1170.18, subdivision (a) requires resentencing in accordance with section 490.2, subdivision (a), which provides: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor."

*Romanowski* (Nov. 13, 2015, B263164) __ Cal.App.4th __ [2015 Cal.App. LEXIS 1018].

3

Defendant was convicted of a violation of section 484e, subdivision (d): "Every person who acquires or retains possession of access card account information with respect to an access card validly issued to another person, without the cardholder's or issuer's consent, with the intent to use it fraudulently, is guilty of grand theft."

Defendant reasons that because section 484e, subdivision (d), defines certain conduct as grand theft, it is a "theft provision"; and because section 490.2 applies "[n]otwithstanding . . . any . . provision of law defining grand theft," it must therefore apply to section 484e, subdivision (d). Defendant points out that the probation report indicated that defendant's conduct resulted in a bank's loss of $30, and that the value of the iPad, which was recovered, was less than $700. Defendant concludes that because his use of the access cards unlawfully in his possession "involved" a sum less than $950, his violation of section 484e, subdivision (d) must now be punished as a misdemeanor.

We do not find the word "involved" in section 484e, subdivision (d), or in section 490.2, subdivision (a). Section 490.2, subdivision (a) defines petty theft according to the "value" of the items "taken." Section 484e, subdivision (d) defines grand theft as unlawfully acquiring or possessing access card account information with the intent to use it fraudulently. It does not refer to taking items of value. The *value* of defendant's acquisition or possession of account information is simply not an element of the crime. Accordingly, the only apparent relevance of defendant's attempted purchase would be to prove that he intended to use the cards fraudulently.[3]

Defendant's construction of section 484e, subdivision (d) would require the insertion of elements which do not presently exist: use or attempted use and value. Such elements exist in section 484g, which punishes the use of an access card or access card account information to obtain or attempt to obtain money, goods, services, or anything

---

[3]    No evidence was presented at the preliminary hearing regarding the value of the item defendant attempted to buy.

4

else of value, either as a misdemeanor or felony, depending on value.[4]  Section 484g and section 484e, subdivision (d), are "part of a 'comprehensive statutory scheme which punishes a variety of fraudulent practices involving access cards.'  [Citation.]"  (*People v. Molina* (2004) 120 Cal.App.4th 507, 512-513.)  Other provisions include section 484e, subdivision (a) ("Every person who, with intent to defraud, sells, transfers, or conveys, an access card, without the cardholder's or issuer's consent, is guilty of grand theft"); subdivision (b) ("Every person, other than the issuer, who within any consecutive 12-month period, acquires access cards issued in the names of four or more persons which he or she has reason to know were taken or retained under circumstances which constitute a violation of subdivision (a), (c), or (d) is guilty of grand theft"); and subdivision (c) ("Every person who, with the intent to defraud, acquires or retains possession of an access card without the cardholder's or issuer's consent, with intent to use, sell, or transfer it to a person other than the cardholder or issuer is guilty of petty theft").

"Where the words of the statute are clear, we may not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history.  [Citation.]"  (*Burden v. Snowden* (1992) 2 Cal.4th 556, 562.)  In enacting the statutory scheme in which section 484e is a part, "[t]he Legislature intended to provide broad protection to innocent consumers."  (*People v. Molina, supra*, 120 Cal.App.4th at p. 519.)  Further, the various provisions were not meant to be duplicates of one another, but rather state separate, related offenses.  (See *People v. Butler* (1996) 43 Cal.App.4th 1224, 1245 [under former § 484e].)  "We do not presume that the Legislature performs idle acts, nor do we construe statutory provisions so as to render them superfluous.

---

[4]     Section 484g provides in relevant part:  "Every person who, with the intent to defraud, (a) uses, for the purpose of obtaining money, goods, services, or anything else of value, an access card or access card account information that has been altered, obtained, or retained in violation of Section 484e . . . or (b) obtains money, goods, services, or anything else of value by representing without the consent of the cardholder that he or she is the holder of an access card and the card has not in fact been issued, is guilty of theft.  If the value of all money, goods, services, and other things of value obtained in violation of this section exceeds nine hundred fifty dollars ($950) in any consecutive six-month period, then the same shall constitute grand theft."

[Citations.]" (*Shoemaker v. Myers* (1990) 52 Cal.3d 1, 22.)  The statutory scheme provides that some conduct relating to access cards and account information constitutes petty theft and other conduct relating to access cards and account information constitutes grand theft.  The conduct described in section 484e, subdivision (d) is grand theft.

Further, in construing a statute, we must avoid rendering related legislation a nullity.  (*People v. Le* (2000) 82 Cal.App.4th 1352, 1359; see *People v. Tanner* (1979) 24 Cal.3d 514, 520.)  If we applied section 490.2 to section 484e, subdivision (d) by inserting a value element to the latter provision, we would in effect decriminalize the mere acquisition or possession of access cards and account information with the intent to use them fraudulently, and thus nullify section 484e, subdivision (d); or it would require placing a value on the card or information itself.  There is no language in sections 490.2 or 1170.18 that suggests an intent to set punishment for violating section 484e, subdivision (d) according to the "street value" of credit cards and account information. In so concluding we respectfully disagree with our colleagues in Division 8 who found otherwise in *People v. Romanowski*.

Defendant contends that the rule of lenity requires adoption of his interpretation of the statutes.  "'The rule [of lenity] applies only if the court can do no more than guess what the legislative body intended; there must be an egregious ambiguity and uncertainty to justify invoking the rule.' [Citation.]" (*People v. Avery* (2002) 27 Cal.4th 49, 58.) We have found no ambiguity in the statutes we have examined.  The language of section 484, subdivision (d) is a clear and unambiguous expression of the Legislature's intent to punish (as a felony) the mere unlawful acquisition or possession of an access card or account information with the intent to use it fraudulently, with no added value or use elements.  For the same reason, there is no need to consider the legislative history materials or voter's pamphlet appended to defendant's petition.  (See *People v. Jones, supra*, 5 Cal.4th at p. 1146.)

In sum, upon review of the relevant statutes, we discern no intent on the part of the Legislature or the electorate to permit or require resentencing of individuals convicted

6

under section 484e, subdivision (d); and we thus conclude that the trial court did not err in denying defendant's petition.

## DISPOSITION

The order denying defendant's petition for resentencing under Proposition 47 is affirmed.

_____, J.
CHAVEZ

We concur:


_____, P. J.
BOREN


_____, J.
ASHMANN-GERST

Filed 12/10/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B261784 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA088292) |
| v. | |
| JERMAINE KING, | |
| Defendant and Appellant. | |

THE COURT:*

The opinion in the above entitled matter filed on December 2, 2015, was not certified for publication.

For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

---

*BOREN, P.J., ASHMANN-GERST, J., CHAVEZ, J.